Proceeding by the Miami Laundry Company, a Florida corporation, against the Laundry, Linen, Dry Cleaning Drivers, Salesmen and Helpers, Local Union No. 935, affiliated with the International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America, A.F. of L., for a writ of certiorari to review an order denying a motion to dismiss a bill of complaint filed by respondent to enjoin petitioner from discharging employees because of membership in any labor organization, and for other relief.
Petition for writ granted, and order quashed.
The petitioner seeks a review of an order entered by the Chancellor below which was one denying a motion to dismiss the bill of complaint filed in the Circuit Court by the respondent herein. In its bill of complaint the respondent alleged that it is "a labor organization within the meaning of Florida Statutes Annotated 481.02(1) and 481.11".
The gravamen of the complaint is that certain of the employees of the petitioner who had filed application for membership in the respondent union were discharged on account of membership in a labor union, to-wit: the respondent labor organization, which the discharged employees had, in their membership applications, designated as their bargaining agent.
The bill further alleged that the petitioner had been guilty of unlawfully and unjustly coercing and intimidating other employees by threatening them with discharge from their employment as a penalty for their membership in any labor union. The bill asserts that the unlawful discharges and denial and abridgement of the right of persons to work on account of membership in a labor union or a labor organization were and are contrary to the provisions of Section 12 of the Declaration of Rights of the Constitution of the State of Florida, F.S.A., and also in violation of Florida Statutes Annotated, § 481.09(1) and (11) and in derogation of the rights guaranteed by Florida Statutes Annotated, § 481.03. The respondent in and by its bill of complaint endeavored to show a basis for a cause of action on its own behalf and set forth the following allegation: "That your plaintiff is engaged in an organizational drive for the purpose of representing the drivers, salesmen and helpers of the defendant corporation in the matters of collective bargaining with their employer and that by its unlawful acts of coercion and intimidation and by its unlawful discharges of union members, your plaintiff and the employees of defendant corporation are being deprived by defendant corporation of the rights and privileges guaranteed by Section 12 of the Declaration of Rights of the Constitution of the State of Florida and of Florida Statutes Annotated, § 481.03 and Florida Statutes Annotated, § 481.09(1) and (11) and unless the defendant corporation is immediately restrained from wrongfully denying the rights of persons to work on account of membership in a labor organization and are immediately enjoined from coercing and intimidating its employees in the full enjoyment of the rights guaranteed by the statutes of the State of Florida irreparable injury will result to the said employees and to your plaintiff and that the injuries thus sustained will be impossible of ascertainment in terms of money but will be a deprivation of the rights, privileges and immunities of the citizens of the State of Florida, as hereinabove set forth and the rights, privileges and immunities of citizens of the United States of America as guaranteed by Amendments I, V and XIV of the Constitution of the United States of America and your plaintiff is without adequate remedy at law."
The respondent felt that it was entitled to and prayed for the following relief:
1. A temporary restraining order to enjoin the Miami Laundry Company from discharging any person from work, coercing *Page 307 
or intimidating any of its employees because of membership in any labor organization.
2. To require the company defendant to make full, true and complete accounting of the monies held by it which it is alleged were due and owing to Neal Tomer, Elmer Blecke and Henry B. Munigle.
3. To require the defendant company to reinstate in their employment four certain former employees of the company in their former capacities and respective seniorities and by declaratory decree to define the rights of said four former employees and by such definition of the rights of the forenamed employees require such re-employment; that the former employees be made whole and without loss as to such monies as may be due the employees because of their wrongful discharge.
4. To make the injunction permanent.
5. To define by declaratory decree the rights of four former employees under and by virtue of identical terms of employment as set forth in a contract, a form of which is attached and made a part of the bill of complaint.
The respondent's position seems to be that Section 12 of the Declaration of Rights of the Constitution of the State of Florida and Florida Statutes Annotated, § 481.03 and § 481.09(1) and (11) guarantee certain rights, privileges and immunities to a labor organization such as the respondent herein and that such rights, privileges and immunities are not necessarily personal to the employee.
In the case of Miami Water Works, Local 654, v. City of Miami,157 Fla. 445, 26 So.2d 194, 166 A.L.R. 967, we stated, in effect, that these provisions were contained in the Declaration of Rights and in the Florida Statutes as personal protection to employees and that the question of whether their rights had been infringed was not one which could be raised by the Union. It is true in that case we were dealing with a bill which sought a declaration of rights under the Declaratory Judgments Statute, F.S.A. § 87.01 et seq. Here we have a bill in equity seeking injunctive relief and a declaratory judgment defining the rights of the alleged discharged employees under and by virtue of their contracts of employment. Said employees are not parties to this suit.
We have studied with a great deal of interest briefs filed by counsel, cases cited therein, and have read several illuminating articles upon the history of the use of injunctive process by the employer over the years and more recently the resort to equity on the part of the employee and the unions in The Columbia Law Review, Harvard Law Review, The Yale Law Journal as well as Teller's "The Law Governing Labor Disputes and Collective Bargaining".
Although we are cognizant of the fact that any labor organization may maintain an action or suit in its commonly used name by virtue of Florida Statutes Annotated, § 481.11, we are of the opinion that the bill of complaint now before us does not present a proper case for the invocation of equitable jurisdiction on behalf of the respondent. We fail to find any rights, privileges or immunities which the bill of complaint discloses have been invaded or infringed which are rights, privileges or immunities granted or guaranteed to any labor organization as such. These rights and guaranties exist only in favor of the individual employee and do not inure to the benefit of the union in which he holds membership. They are purely personal to the employee and may be protected under the facts and circumstances alleged in the instant case only in an action brought by the employee.
It is alleged that the several discharged employees had filed with the respondent applications for membership which disclosed that they had designated the respondent as their bargaining agent. The bill fails to show that the employer-petitioner had ever recognized such designation or that any contract for collective bargaining, or for that matter a contract of any character had ever been entered into between the respondent and the petitioner which contained a recognition on the part of the petitioner of the respondent's right to represent the discharged employees in any capacity.
If there had been such a contract and it had been breached by the employer it is *Page 308 
possible that a suit predicated upon the contract and the breach thereof might have been maintained by the respondent against the petitioner in a court of equity. No such case is now before the court. Consequently we do not decide the point.
As a matter of observation it is deemed appropriate to state that generally it would seem equitable and just to permit a labor union to bring an appropriate action seeking injunctive relief against the employer for the courts have consistently entertained such actions by the employer against organized labor. However certain labor leaders have been slow in advocating the use of equitable suits by the union against the employer. They have apparently observed a possible inconsistency because throughout the history of labor disputes they have maintained that courts of equity should not entertain actions brought by the employer against the union. The modern trend, however, is toward the use of the injunctive process by the union as well as the employer in cases wherein a proper showing for equitable relief can be made. The difficulty which the unions have had in successfully maintaining equitable suits for injunctive relief has lain largely in the fact that they have frequently failed to observe the maxim, "He who comes into equity must come with clean hands". Peaceful cessation of work and lawful picketing are beginning to replace violence, threats of violence and other unlawful activities of the yesteryears. Verily and appropriately "the old order changeth". Such change is indeed worthy of encomiastic comment. As a consequence of this mutation of modernity, resort on the part of the unions to equitable relief and injunctive process is beginning to find a more favorable reception. It is to be hoped that the use of the courts will replace the old order. In that event it is our firm belief labor and labor organizations will find such use as effective under our form of government based upon law and order as it is appropriate. As desirous as we are of encouraging this notable and praise-worthy incipient transition, we are unable to sustain this bill of complaint because of our pronouncements herein, both supra and infra. However, we are constrained to pointedly call attention to the fact that in this case there is no intimation of a lack of clean hands.
We hold that the rights, privileges and immunities granted and guaranteed by our Declaration of Rights and Statutory Law are protection and guaranties which are accorded, in a purely personal and non-assignable manner, to the employees as individual citizens. Consequently, the bill of complaint does not contain equity and it should have been dismissed. The petition for writ of certiorari is granted and the order now before us for review should be and it is hereby quashed.
It is so ordered.
ADAMS, C.J., and CHAPMAN and SEBRING, JJ., concur.