LILES, Acting Chief Judge.
This appeal grew out of a union organizational drive at Winter Haven Hospital, appellee. It is alleged that several employees of the hospital, including these appellants, Hearn, Rice and Scoles, had signed authorization for Local 444 of International Brotherhood of Teamsters to represent them in labor matters with the hospital. The organizational activities came to the attention of the hospital administration and appellant Hearn was discharged. There is controversy as to whether or not he was discharged as result of organizational activities or because he was away from his duty station, thereby impairing patient care. Scoles at the same time was threatened with discharge because of alleged union activities during working hours but was never actually discharged. A patient, an official of another teamsters local not a party to this appeal nor to the suit in the trial court, was discharged as a patient, but was readmitted the next day and denied any involvement in the organizational drive.
The complaint alleged several actions on the part of the hospital interfering with and discouraging union organization and sought temporary and permanent injunc-tive relief from these allegedly coercive practices. Following testimony before the trial judge an order was entered dismissing the union for lack of standing; denying Hearn’s request for an injunction to compel his reinstatement and dismissing him from the suit and allowing Rice and Scoles to maintain a class action but denying the temporary injunction. This appeal followed.
The primary question here is whether or not a union has standing to seek injunctive or other relief on behalf of employees against an employer which is exempt from the National Labor Relations Act where it is alleged that management illegally coerced union members while they were engaged in union organizational activities. The law in Florida was enunciated in 1949 and has not been changed. The court held in Miami Laundry Co. v. Laundry, Linens, Dry Cleaning Drivers, Salesmen and Helpers Local Union No. 935, Fla.1949, 41 So.2d 305:
“We hold that the rights, privileges and immunities granted and guaranteed by our Declaration of Rights and Statutory Law are protection and guaranties which are accorded, in a purely personal and non-assignable manner, to the employees as individual citizens. Consequently, the bill of complaint does not contain equity and it should have been dismissed.”
That case is precisely what we have here and the trial judge had no alternative but to dismiss the union for lack of standing.
*423 Mature union activities, economic conditions and judicial responsiveness may have made the time propitious for allowing the union standing to bring suit for injunctive relief on behalf of employees such as in the instant case but our Supreme Court has not as of this date so held.
Appellants next maintain that Hearn was properly joined in the suit for the reason that he was discharged because of his union activities. The trial court found that the evidence did not establish that the firing was solely because of Hearn’s union activities and that his claim for re-employment of his discharge was not properly joined. It therefore ordered:
“Count III of the complaint that the plaintiff Hearn be reinstated to his former position of employment is hereby dismissed without prejudice to amend or otherwise seek his remedy at law.”
Appellants seemed to have misinterpreted the court’s action as a dismissal of Hearn as a party plaintiff and a severance of his claims. A close examination of his order reveals that the court spoke specifically only to the claim of reinstatement and lost wages and did not order a severance but rather ordered a dismissal on the merits of that claim and the order did so without prejudice to seek his remedy at law. Hearn is retained as a party plaintiff in the class action asking for injunctive relief. His prayer for reinstatement is dismissed on the merits without prejudice to amend or file whatever action at law he may have for damages.
For the foregoing reasons the judgment is therefore affirmed.
Appellants, following oral argument, filed a motion requesting this court to certify this question of standing to the Supreme Court, pursuant to Florida Appellate Rule 4.6, 32 F.S.A., as a question of great public interest. We grant the motion and certify the following question: Whether a labor organization, engaged in an organizational campaign at the place of business of an employer not subject to National Labor Relations Board jurisdiction, ' has “standing” to seek injunctive relief against asserted employer coercion directed at employee-members in violation of Article I, § 6, of the Declaration of Rights [F.S.A.].
Affirmed and certified.
HOBSON and McNULTY, JJ., concur.