**TROWEL TRADES EMPLOYEES HEALTH AND WELFARE TRUST FUND OF DADE COUNTY et al., Plaintiffs,**

v.

**EDWARD L. NEZELEK, INC., a Florida Corporation, Defendant.**

No. 78–4553–Civ–CA.

United States District Court,
S. D. Florida.

Sept. 10, 1979.

Howard S. Susskind, of Kaplan, Dorsey, Sicking & Hessen, P. A., Miami, Fla., for plaintiffs.

John Downing, Fort Lauderdale, Fla., for defendant.

## ORDER ON THE CONSTITUTIONALITY OF THE SUB–CONTRACTING CLAUSE

ATKINS, Chief Judge.

THIS CAUSE is before the Court on memoranda of the parties on the issue of whether Article XIV of the collective bargaining agreement between plaintiffs and defendant violates Article I, section 6 of the Florida Constitution. The Court previously granted a new trial solely on this issue.

Defendant Nezelek, Inc. argues that Florida's "Right to Work" provisions, which state:

"The right of persons to work shall not be denied or abridged on account of membership or nonmembership in any labor union or labor organization. The right of employees, by and through a labor organization, to bargain collectively shall not be denied or abridged. Public employees shall not have the right to strike."

are violated by a sub-contracting clause in the collective bargaining agreement previously found to exist in this case. Article XIV of the agreement states:

"All work coming under the trade jurisdiction of the Union as defined in Article II of this Agreement which is to be performed on the jobsite and which is part of the Employer's contract or which the Employer is otherwise obligated to perform must be assigned to and performed on the jobsite by employees of an employer who is a signatory to and abides by this Agreement and must be performed under the terms of this Agreement."

Nezelek, Inc. correctly observes that the Supreme Court has upheld the validity of state right to work laws, at least to the extent of holding that a state court is the proper tribunal to enforce state prohibitions against agency shops. *Retail Clerks, Local 1625 v. Schermerhorn*, 375 U.S. 96, 84 S.Ct. 219, 11 L.Ed.2d 179 (1963). Nezelek, Inc. is also correct in stating that the Florida Supreme Court has interpreted Florida's right to work provision as prohibiting agreements between unions and employers that require that all employees be union members and

that all union members shall work only for signatories to agreements. *Local No. 234 v. Henley & Beckwith, Inc.*, 66 So.2d 818 (Fla. 1953). The Florida Supreme Court has also held, in *Schermerhorn, supra*, that requiring non-union employees to pay service fees equal to union fees and dues is violative of the right to work laws.

These holdings, however, do not compel the conclusion that the sub-contracting provision of the agreement between Nezelek, Inc. and the union violates Florida's right to work law. No employee of Nezelek, Inc. is compelled to join a union by this agreement, and no employee of Nezelek, Inc.'s subcontractors is compelled to join a union. No employee of either Nezelek, Inc. or its subcontractors is refused employment on the basis of his or her union status by virtue of this sub-contracting clause. The only compulsion is that exerted indirectly on subcontractors by unions through contractors. Just as unions do not have standing to assert employees' rights under Florida's right to work laws, *Miami Laundry Co. v. Laundry, Linen, Dry Cleaning Local No. 935*, 41 So.2d 305 (Fla.1949), the employers do not have standing to assert employees' rights under the law. Nezelek, Inc. lacks standing to assert the employees right to work. Even if the constitutional provision was created for the benefit of the employer, this particular clause is not inconsistent with or violative of Florida's right to work provision.

This ruling does not consider any claims of employees, or any claims of Nezelek, Inc. or subcontractors of Nezelek, for possible antitrust or tort violations as a result of this subcontracting clause, and the Court expresses no opinion on those claims.

Nezelek, Inc.'s contention that the sub-contracting clause violates Florida's right to work law is rejected in this case, and final judgment will issue. Attorneys' fees in the amount of $3,112.50 shall be awarded in accordance with the Order awarding attorneys fees.

DONE AND ORDERED in Chambers, at Miami, Florida, this 10th day of September, 1979.