Matt GRAY, Plaintiff-Appellant,

v.

**LOCAL 714, INTERNATIONAL UNION OF OPERATING ENGINEERS, et al., Defendants-Appellees.**

No. 85–1125
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Dec. 18, 1985.

Rothchild & Nidich, Eugene M. Rothchild, Cincinatti, Ohio, for plaintiff-appellant.

Menaker & Huffman, Marvin Menaker, Dallas, Tex., for Local 714, et al.

Mark C. Enoch, Les Weisbrod, Dallas, Tex., for Kraus.

Before REAVLEY, HIGGINBOTHAM and HILL, Circuit Judges.

REAVLEY, Circuit Judge:

Plaintiff-appellant Matt Gray appeals the summary judgment dismissing his federal and state contract claims against Kraus-Anderson Construction Company (Kraus) and Local 714 of the International Union of Operating Engineers (Local), and his state fraud claims against Local officials. We affirm the dismissal of his federal and state contract claims, but reverse as to his claim for fraudulent inducement.

## FACTS

Gray is an Ohio member of the International union. According to him, he traveled to Dallas in 1981, at Local's urging, to work on construction projects in Local's jurisdiction. Once he arrived, Local refused Gray's requests to join, but referred him to Kraus throughout 1982 as a "traveling member." On November 30, 1982, however, Local informed Gray that his job was needed for Local members. Allegedly with Kraus's consent, a Local member was sent to replace Gray. The following day, Kraus refused Gray's request for reinstatement.

In January 1983, after returning to Ohio, Gray filed unfair labor practice charges with the National Labor Relations Board (Board) against Kraus and Local. Despite two requests for reconsideration, however, the Board refused to issue a complaint. The following October, Gray filed suit in Ohio under § 301 of the National Labor Relations Act (NLRA), 29 U.S.C. § 185 (1982); the case was transferred to Texas six months later. Under federal law, he alleged that Kraus breached the collective bargaining agreement (CBA) by discharging him without cause and that Local breached its duty of fair representation by having him discharged. Under state law, he sued Kraus for wrongful discharge and Local for interference with contractual relations. He also sued Local officials for fraudulently inducing him to move to Dallas.

In a motion for summary judgment, defendants asserted that Gray's federal claims were barred by the six-month limitations period adopted in *DelCostello v. International Brotherhood of Teamsters,* 462 U.S. 151, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983). They also argued that Gray's state claims were either preempted or barred because he failed to utilize the grievance procedures in the CBA. The court granted the motion as to Gray's federal claims; following defendants' submission of Local's

affidavit concerning the scope of the grievance procedures, the court dismissed the remaining claims.

## DISCUSSION

Gray raises three main arguments on appeal: (1) equitable considerations place his federal claims outside the six-month *DelCostello* limitations period; (2) his state contract claims are not preempted; in addition, his failure to use the CBA grievance procedures is excused; and (3) dismissal of his fraud claim was erroneous.

### Federal Claims

■ Gray argues first, that *DelCostello* should apply retroactively only on a case-by-case basis, and second, that, in any case, the limitations period should be tolled during the pendency of his charges before the Board.

Gray's first argument is without merit. This circuit has clearly applied *DelCostello* retroactively in all cases. *E.g., Gray v. Amalgamated Meat Cutters, Local 540,* 736 F.2d 1055 (5th Cir.1984).

■ The tolling argument is new to this court, although courts elsewhere have decided it to the contrary. *See, e.g., Kolomick v. United Steelworkers of America, District 8,* 762 F.2d 354 (4th Cir.1985); *Boyd v. Teamsters Local Union 553,* 589 F.Supp. 794 (S.D.N.Y.1984). Yet, whatever merit Gray's tolling argument might have in theory, it has none on the facts of this case. Gray's suit was not timely filed even excluding the period of the Board proceedings. He filed his charges on January 3, R. 60–61; the Board notified him on February 1 of its decision not to issue a complaint, R. 62–63. The claims in his October complaint, filed ten months after his discharge, were therefore at least three months late.[1] The court was correct in holding them barred.

---

1. We recognize that Gray filed two motions for reconsideration after the Board rejected his charges. We see no reason, however, to toll the statute for any period after the Board has initially decided on a course of action.

*State Contract Claims*

The district court based its dismissal of Gray's contract claims on *Eitmann v. New Orleans Public Service, Inc.,* 730 F.2d 359 (5th Cir.), *cert. denied,* —— U.S. ——, 105 S.Ct. 433, 83 L.Ed.2d 359 (1984). Gray contends that *Eitmann* is inapposite because the grievance mechanism in his CBA was less explicit than that in *Eitmann.* His state claims are not precluded by his failure to file a grievance; they are preempted by the NLRA.

The NLRA preempts state law claims based on conduct which is arguably protected or prohibited by sections 7 and 8 of the Act. *San Diego Building Trades Council v. Garmon,* 359 U.S. 236, 245, 79 S.Ct. 773, 780, 3 L.Ed.2d 775, 783 (1959); *see also Belknap, Inc. v. Hale,* 463 U.S. 491, 498, 103 S.Ct. 3172, 3177, 77 L.Ed.2d 798, 806 (1983); *Amalgamated Association of Street, Electric Railway & Motor Coach Employees v. Lockridge,* 403 U.S. 274, 283–86, 91 S.Ct. 1909, 1916–17, 29 L.Ed.2d 473, 480–82 (1971). Federal law centers around the employment relationship and collective bargaining agreement. States may regulate only conduct which is of mere peripheral concern to the federal law, such as slander, or which touches interests deeply rooted in local feeling and responsibility, such as strike violence. *E.g., Belknap,* 463 U.S. at 498, 103 S.Ct. at 3177, 77 L.Ed.2d at 806; *see also Local 100 of the United Association of Journeymen & Apprentices v. Borden,* 373 U.S. 690, 83 S.Ct. 1423, 10 L.Ed.2d 638 (1963); *Ex Parte Dilley,* 160 Tex. 522, 530–32, 334 S.W.2d 425, 431–32 (1960).

 Here, Gray's claims center around his employment relationship with Kraus and Local's alleged interference with that relationship. Indeed, the conduct complained of is also the basis of both his charges with the Board and his federal

§ 301 claims. Gray argues, however, that they are grounded in Texas's Right-to-Work Law, Tex.Civ.Code Ann. art. § 5207a (Vernon 1971), which is exempted from preemption by § 14(b) of the Taft-Hartley Act, 29 U.S.C. § 164(b) (1982). This argument misunderstands the scope of § 14(b).

 Section 14(b) permits states to enforce state laws that prohibit the "execution and application of agreements requiring membership in a labor organization as a condition of employment." State power, however, "begins *only with actual negotiation and execution* " of such agreements. *Retail Clerks International Association, Local 1625 v. Schermerhorn,* 375 U.S. 96, 105, 84 S.Ct. 219, 223, 11 L.Ed.2d 179, 185 (1963) (emphasis in original); *see also Trowell Trades Employees Health & Welfare Trust Fund v. Edward L. Nezelek, Inc.,* 645 F.2d 322, 326 & n. 6 (5th Cir.1981); *NLRB v. Houston Chapter, Associated General Contractors,* 349 F.2d 449, 452–53 (5th Cir.1965), *cert. denied,* 382 U.S. 1026, 86 S.Ct. 648, 15 L.Ed.2d 540 (1966). It does not extend to the kind of tacit understanding which Gray contends existed between Kraus and Local 14. Section 14(b) does not, therefore, save Gray's state claims from preemption by the NLRA.[2]

*Fraud Claim*

 Gray's fraud claim was dismissed, along with his state contract claims, on the strength of *Eitmann* and the affidavit of Neal Haynes. R. 276. Neither *Eitmann* nor the affidavit, however, have any bearing on this claim. In addition, unlike the contract claims, this alleged conduct is of only "peripheral concern" to the federal law. Moreover, his failure to exhaust any internal union grievance procedures does not preclude the claim. Given the nature of his complaint, he would be excused in

**2.** We note that some recent Supreme Court cases may indicate a trend towards recognizing certain types of state claims. *E.g., Belknap, Inc. v. Hale,* 463 U.S. 491, 103 S.Ct. 3172, 77 L.Ed.2d 798 (1983); *Sears, Roebuck & Co. v. San Diego County District Council of Carpenters,* 436 U.S. 180, 98 S.Ct. 1745, 56 L.Ed.2d 209 (1978); *Farmer v. United Brotherhood of Carpenters & Joiners of America, Local 25,* 430 U.S. 290, 97 S.Ct. 1056, 51 L.Ed.2d 338 (1977). These cases leave unsettled the precise outer limits of the preemption doctrine. They do not, however, affect contract claims, such as Gray's, which fall within the central core of the doctrine.

believing that union officials would treat his grievance hostilely. *See Clayton v. International Union, United Automobile, Aerospace & Agricultural Implement Workers,* 451 U.S. 679, 689, 101 S.Ct. 2088, 2095, 68 L.Ed.2d 538, 548 (1981). Accordingly, we reverse the dismissal of this claim and remand to the district court for further disposition.

AFFIRMED in part, REVERSED in part and REMANDED.