DLD-311                                                            **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-1806
_____

JOSE MONTALBAN,
                                    Appellant

v.

MR.  POWELL; MR. VERBYLA WILLIAMS; MR. JASON GLOSSENGER; MS.
PATRICIA BURGERHOLFF; MR.  MODDROFF; MR. WALTER DOBUSHAK; MR.
M. KABONICK; MR. JARRETT TUTTLE; ANTHONY PEDONE; MR. MARK
BRENNAN; COREY VRABEL; C.O.  GUILLARD; C.O.  SNEE; C.O.  SCHULTZ;
UNITED STATES OF AMERICA; MACCA, Correctional Officer; DUSTIN M. COOK,
PSY, D.; CAROLINE M. JOHANSON, PHD. Staff Psych; SIA JOHN GINTZ
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 1-17-cv-00212)
District Judge:  Honorable Christopher C. Conner
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
September 17, 2020
Before:  RESTREPO, PORTER, and SCIRICA, <u>Circuit</u> <u>Judges</u>

(Opinion filed: October 7, 2020)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Appellant Jose Montalban, proceeding pro se and in forma pauperis, appeals from the District Court's denial of his post-judgment motions. Because the appeal presents no substantial question, we will summarily affirm the judgment of the District Court.

On January 27, 2017, Montalban initiated a civil rights lawsuit against nineteen Federal Bureau of Prison staff members at USP-Canaan, where he was incarcerated at the time, relying on Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971). The defendants moved to dismiss the complaint or, in the alternative, for summary judgment, arguing, among other things, that Montalban's claims were barred by the statute of limitations. The District Court converted the motion to a motion for summary judgment and provided Montalban with notice and an opportunity to submit exhibits. Concluding that Montalban's claims were time-barred, on January 15, 2019, the District Court entered summary judgment for the defendants.

Montalban filed a motion for reconsideration and appealed the District Court's order granting summary judgment. On January 14, 2020, the District Court denied his reconsideration motion. Montalban then filed a second motion for reconsideration, dated January 23, 2020, and a motion to submit new evidence, dated February 21, 2020, which the District Court construed as motions under Federal Rule of Civil Procedure 60(b). On April 1, 2020, we affirmed the District Court's decision to grant summary judgment to

2

the defendants.  Montalban v. Powell, 799 F. App'x 111 (3d Cir. 2020).  On April 2,

2020, the District Court denied Montalban's Rule 60(b) motions.  Montalban appealed.[1]

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291.  We review

the District Court's denial of Montalban's Rule 60(b) motions for abuse of discretion.

See Budget Blinds, Inc. v. White, 536 F.3d 244, 251 (3d Cir. 2008).  "The district court

abuses its discretion if its decision rests upon a clearly erroneous finding of fact, an errant

conclusion of law, or the improper application of law to fact."  Ragguette v. Premier

Wines & Spirits, 691 F.3d 315, 322 (3d Cir. 2012).

The District Court did not abuse its discretion in construing Montalban's motions

as arising under Rule 60(b).  While the motions were characterized as motions for

reconsideration, neither one was made within 28 days of the challenged summary

---

[1]  Montalban's original notice of appeal, which was never amended, did not encompass the District Court's January 14, 2020 denial of his reconsideration motion.  See Fed. R. App. P. 4(a)(4)(B)(ii).  His second notice, dated April 7, 2020, names both the January 14, 2020 order and the April 2, 2020 order.  However, the scope of our review is limited to the April 2, 2020 order.  Montalban's second notice was not filed within 30 days of the January 14, 2020 order, see id., and his subsequent Rule 60(b) motions—which made similar arguments as his unsuccessful first reconsideration motion— did not toll the time to appeal that order, see Turner v. Evers, 726 F.2d 112, 114 (3d Cir. 1984) ("Where, as here, a motion styled as one for reconsideration is made by the same party that *lost* an earlier motion covered by Rule 4(a)(4) and the factual and legal issues surrounding the earlier motion and the current motion are roughly similar, we see no good reason to allow such motions . . . to postpone the time for appeal."); see also Aybar v. Crispin-Reyes, 118 F.3d 10, 14 (1st Cir. 1997) (holding that the second of two successive motions for reconsideration did not toll the time for appeal); Trowel Trades Emp. Health & Welfare Tr. Fund of Dade Cty. v. Edward L. Nezelek, Inc., 645 F.2d 322, 325 (5th Cir. Unit B May 1981) (concluding that "successive motions of the kind enumerated in Rule 4(a)" do not toll the time for filing an appeal.") (internal quotation marks omitted).

judgment as required under Federal Rule of Civil Procedure 59. Thus, it was appropriate to construe them as Rule 60(b) motions. See Burtch v. Milberg Factors, Inc., 662 F.3d 212, 230 (3d Cir. 2011) (explaining that a motion seeking to alter or reopen the judgment is properly construed as either a motion pursuant to Rule 59(e) or Rule 60(b), depending on when it was filed); see also Lewis v. Att'y Gen. of U.S., 878 F.2d 714, 722 n.20 (3d Cir. 1989) (emphasizing that courts are free to characterize pro se motions according to their substance rather than their titles).

The District Court also acted within its discretion in determining that Montalban is not entitled to relief under Rule 60(b). Montalban's claims do not fit under the first five subsections of that provision,[2] and he has failed to show the "extraordinary circumstances where, without such relief, an extreme and unexpected hardship would occur" required to reopen proceedings under Rule 60(b)(6). Cox v. Horn, 757 F.3d 113, 115 (3d Cir. 2014) (quoting Sawka v. Healtheast, Inc., 989 F.2d 138, 140 (3d Cir. 1993)). We already considered and rejected Montalban's arguments that his time spent pursuing the grievance process rendered his complaint timely filed, and that his claims should be deemed exhausted because the grievance process was made unavailable to him. His attempts to relitigate issues that we already considered on appeal do not warrant relief under Rule 60(b). See United States v. Fiorelli, 337 F.3d 282, 288 (3d Cir. 2003)

---

[2] Montalban's motions were untimely under Rules 60(b)(1)–(3), which require filing within one year of the challenged judgment, Fed. R. Civ. P. 60(c)(1), and he did not claim that the District Court's summary judgment is void as required under Rule 60(b)(4), or that it has been satisfied, released, or discharged as required under Rule 60(b)(5).

4

(holding that a Rule 60(b) motion may not be used as a substitute for an appeal, and legal error, without more, is not a proper basis for reopening a case).

Nor does Montalban's argument that the District Court erred in not following Turner v. Burnside, 541 F.3d 1077 (11th Cir. 2008), which the Eleventh Circuit applied in a parallel proceeding that he initiated in Florida. See id. at 1082 (describing a two-step process for resolving motions to dismiss for failure to exhaust administrative remedies). Turner is not precedent in this Circuit. Besides, Montalban's Eleventh Circuit case involved a motion to dismiss, which requires a district court to accept the allegations in a plaintiff's complaint as true. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007). Here, the District Court was not required to accept Montalban's allegations as true in evaluating the defendants' motion for summary judgment. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986) (concluding that "in the face of [a] defendant's properly supported motion for summary judgment, [a] plaintiff [cannot] rest on his allegations . . . without any significant probative evidence tending to support the complaint") (citation and internal quotation marks omitted).

Because this appeal presents no substantial question, we will affirm. Montalban's motions are denied. To the extent that he presents any requests for relief in the other document he has filed, those motions are denied, as well.