**Ezell JONES, Plaintiff–Appellant,**

**v.**

**DEALERS TRACTOR AND EQUIPMENT COMPANY d/b/a Mills–Morris Automotive, Defendant–Appellee.**

**No. 80–3323**
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.
Unit A

Jan. 12, 1981.

Firnist J. Alexander, Jr., Jackson, Miss., for plaintiff appellant.

Fuselier, Ott, McKee & Flowers, Armin J. Moeller, Jr., Jackson, Miss., for defendant–appellee.

Before BROWN, POLITZ and TATE, Circuit Judges.

PER CURIAM:

Appellant/employee Ezell Jones, appeals from a District Court Judgment awarding Dealer Tractor and Equipment Company, d/b/a Mills–Morris Automotive/employer $2,900 in attorney's fees and $602.11 in expenses and costs. The District Court granted Mills–Morris' motion for summary judgment on April 16, 1979, finding that; (i)

Jones had failed to establish a prima facie case for racial discrimination as set forth in *McDonnell Douglas Corporation v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* and provisions of 42 U.S.C. § 1981; (ii) there were no facts in the record which demonstrated any relationship between Jones' alleged "drugged" soft drink conspiracy, his contemporaneous and/or subsequent mental condition, and Mills–Morris, relative to 42 U.S.C. § 1981 or 42 U.S.C. § 2000e *et seq.*; (iii) Jones had failed to join any of the alleged co–conspirators which are indispensable parties under Rule 19 of the F.R.Civ.P.; and (iv) the record did not disclose that the term "boy" if addressed by a white co–worker to Jones was accompanied in any manner by racial overtones. Since no appeal was taken from the summary judgment, the principal issue before us is whether or not the District Court had jurisdiction to award attorney's fees and costs based on a motion filed more than ten days after the entry of judgment.[1]

Jones argues that since the District Court did not specifically find his conduct to be "frivolous, unreasonable, or vexatious", at the time of judgment, that the Court lacked jurisdiction to award attorney's fees some two months hence. *Christiansburg Garment Co. v. EEOC,* 434 U.S. 412, 98 S.Ct. 694, 54 L.Ed.2d 648 (1978). According to Jones, Mills–Morris' motion would be in the nature of an amendment to the judgment and thus untimely contra F.R.Civ.P. 52 and 59(e) (*see* n.1 *supra*).

 We find that the District Court properly exercised its jurisdiction in awarding Mills–Morris Automotive attorney's fees and expenses as part of costs. This Court has recently held in *Knighton v. Watkins,* 616 F.2d 795, 797–98 (5th Cir. 1980), that the ten day limitation to amend a judgment under F.R.Civ.P. 59(e), is inapplicable to request for attorney's fees under the Civil Rights Attorney Fees Award Act 42 U.S.C. § 1988.[2] Because this statute designates attorney's fees as part of the costs, they will ordinarily be sought only

1. 52(b) **Amendment.** Upon motion of a party made not later than 10 days after entry of judgment the court may amend its findings or make additional findings and may amend the judgment accordingly. The motion may be made with a motion for a new trial pursuant to Rule 59. When findings of fact are made in actions tried by the court without a jury, the question of the sufficiency of the evidence to support the findings may thereafter be raised whether or not the party raising the question has made in the district court an objection to such findings or has made a motion to amend them or a motion for judgment.
As amended Dec. 27, 1946, eff. March 19, 1948; Jan. 21, 1963, eff. July 1, 1963.
**Rule 59. New Trials; Amendment of Judgments**
 **(e) Motion to Alter or Amend a Judgment.** A motion to alter or amend the judgment shall be served not later than 10 days after entry of the judgment.
As amended Dec. 27, 1946, eff. Mar. 19, 1948; Feb. 28, 1966, eff. July 1, 1966.

2. **§ 1988. Proceedings in vindication of civil rights**
 The jurisdiction in civil and criminal matters conferred on the district courts by the provisions of this chapter and Title 18, for the protection of all persons in the United States in their civil rights, and for their vindi-cation, shall be exercised and enforced in conformity with the laws of the United States, so far as such laws are suitable to carry the same into effect; but in all cases where they are not adapted to the object, or are deficient in the provisions necessary to furnish suitable remedies and punish offenses against law, the common law, as modified and changed by the constitution and statutes of the State wherein the court having jurisdiction of such civil or criminal cause is held, so far as the same is not inconsistent with the Constitution and laws of the United States, shall be extended to and govern the said courts in the trial and disposition of the cause, and, if it is of a criminal nature, in the infliction of punishment on the party found guilty. In any action or proceeding to enforce a provision of sections 1981, 1982, 1983, 1985, and 1986 of this title, title IX of Public Law 92–318, or in any civil action or proceeding, by or on behalf of the United States of America, to enforce, or charging a violation of, a provision of the United States Internal Revenue Code, or title VI of the Civil Rights Act of 1964, *the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs.*
As amended Pub.L. 94–559, § 2, Oct. 19, 1976, 90 Stat. 2641.

after litigation. *See Gore v. Turner*, 563 F.2d 159, 163 (5th Cir. 1977). "Thus, a motion for attorney's fees is unlike a motion to alter or amend a judgment. It does not imply a change in the judgment, but merely seeks what is due because of the judgment." *Knighton*, 616 F.2d at 797.

 We also affirm the District Court's application of the *Christiansburg* standard—whether the plaintiff's suit was frivolous, unreasonable or groundless—in assessing an award of attorney's fees to Mills–Morris as the prevailing defendant as well as the District Court's use of the guidelines outlined in *Johnson v. Georgia Highway Express Inc.*, 488 F.2d 714 (5th Cir. 1974) for determining the appropriate amount of attorney's fees in employment discrimination cases.

AFFIRMED.