Harry J. HOLMES, Plaintiff-Appellee,

v.

J. RAY McDERMOTT & CO., INC., Defendant-Appellant.

No. 81-3486.

United States Court of Appeals, Fifth Circuit.

Aug. 9, 1982.

Jones, Walker, Waechter, Poitevent, Carrere & Denegre, Edward J. Koehl, Jr., New Orleans, La., for defendant-appellant.

Heisler & Wysocki, James A. Wysocki, New Orleans, La., for plaintiff-appellee.

Before CLARK, Chief Judge, POLITZ and RANDALL, Circuit Judges.

RANDALL, Circuit Judge:

This action was commenced by Harry Holmes against his employer, J. Ray McDermott & Co., Inc. (McDermott), under the Jones Act, 46 U.S.C. § 688, and general maritime law. Holmes sought to recover for lower-back injuries sustained in 1977 while working as a rigger on a barge owned by McDermott. McDermott appeals from an award of damages against it. Because the order appealed from is not a final judgment, we dismiss this appeal for want of jurisdiction.

## I. Procedural History

The case was tried to a jury. On June 5, 1981, the jury returned a verdict in Holmes' favor. The jury awarded damages, maintenance and cure, and damages for McDermott's willful and arbitrary refusal to pay maintenance and cure. The jury also determined that Holmes was entitled to attorney's fees for the prosecution of the maintenance and cure claim because of McDermott's conduct in denying maintenance and cure. Significant to this appeal, the amount of attorney's fees was left to the court.

On June 9, 1981, the court entered an order captioned "Judgment". The court had not yet decided the size of the attorney's fees award and specifically left that

matter for later determination.[1] McDermott filed a variety of post-trial motions on June 19, but failed to serve them until June 22, 1981. On Holmes' motion, the district court ruled that these motions were not timely served under Federal Rule of Civil Procedure 59(e).[2] The district court therefore dismissed the motions. In the alternative, the district court denied the motions on their merits. McDermott then filed its notice of appeal.[3]

McDermott, although the appellant in this case, calls into question our appellate jurisdiction. McDermott argues that the district court's order of June 9 was not a final, appealable order because, while the jury had awarded attorney's fees, the court had not fixed the amount. If that order was not final, of course, we have no jurisdiction to hear this appeal. 28 U.S.C. § 1291. As a corollary, if the order of June 9 was not final, the district court erred in ruling that McDermott's post-trial motions were not timely under Rule 59(e).

*II. Finality of the Order for Purposes of Appeal*

*A. Pertinent Case Law*

■ A final judgment is one that "terminates the litigation between the parties on the merits of the case, and leaves nothing to be done but to enforce by execution what has been determined." *St. Louis Iron Mountain & Southern Railway v. Southern Express Co.*, 108 U.S. 24, 28–29, 2 S.Ct. 6, 8, 27 L.Ed. 638 (1883). No appeal lies from a finding of liability on the merits when the

district court leaves undetermined the nature and scope of relief. *Liberty Mutual Insurance Co. v. Wetzel*, 424 U.S. 737, 96 S.Ct. 1202, 47 L.Ed.2d 435 (1976). Thus we are faced with the legal question whether the lack of determination of the amount of attorney's fees left undetermined any of the "merits" or "scope of relief" in this case.

The United States Supreme Court has recently spoken indirectly to the question before us. In *White v. New Hampshire Department of Employment Security*, —— U.S. ——, 102 S.Ct. 1162, 71 L.Ed.2d 325 (1982), the court addressed the question whether a motion to award attorney's fees statutorily authorized by 42 U.S.C. § 1988[4] for an action brought under one of the Civil Rights Statutes was a motion to alter or amend a judgment under Fed.R.Civ.P. 59(e).[5] The Court, in its determination that a request for attorney's fees was not covered by Rule 59(e), analyzed the relationship of an award of attorney's fees in civil rights suit to a determination on the merits and the scope of relief in such a case.

In *White*, the plaintiff moved for an award of attorney's fees under § 1988 more than ten days after the entry of a consent decree in a § 1983 suit. The defendant argued that the attorney's fees motion was not timely under Rule 59(e). The Court held that a motion for attorney's fees under § 1988 was not subject to Rule 59(e), and, therefore, could be made more than ten days after the entry of judgment. The

---

1. The final paragraph of the judgment provided:

   IT IS FURTHER ORDERED, ADJUDGED AND DECREED, that plaintiff, Harry J. Holmes, recover of the defendant, McDermott, Inc., attorneys' fees relating to maintenance and cure in an amount to be determined by the Court with interest thereon at the legal rate of ten percent (10%) per annum from the date of judgment until paid, and his costs of this action.

2. Fed.R.Civ.P. 59(e) provides:

   A motion to alter or amend the judgment shall be served not later than 10 days after entry of the judgment.

3. McDermott's notice of appeal is timely only because the district court granted a thirty-day extension for McDermott to appeal. Holmes

moved to dismiss the appeal as untimely, but the district court denied this motion. The court thus implicitly concluded that McDermott's late notice of appeal was due to excusable neglect or good cause. Fed.R.App.P. 4(a)(5).

4. That statute provides, in relevant part:

   In any action or proceeding to enforce a provision of sections 1981, 1982, 1983, 1985, and 1986 of this title, title IX of Public Law 92–318, or title VI of the Civil Rights Act of 1964, the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs. 42 U.S.C. § 1988.

5. See note 2, *supra*.

Court reasoned that an award of attorney's fees under § 1988 was not integral to the main cause of action. Rather, the award was a collateral matter, independent of the merits of the case and uniquely separable from the cause of action to be proved at trial. *White v. New Hampshire Department of Employment Security,* —— U.S. at ——, 102 S.Ct. at 1165–66. The Court concluded:

> As the Court of Appeals for the Fifth Circuit recently stated:
>
> > "[A] motion for attorney's fees is unlike a motion to alter or amend a judgment. It does not imply a change in the judgment, but merely seeks what is due because of the judgment..." *Knighton v. Watkins,* 616 F.2d 795, 797 (CA5 1980).

*Id.* at 1166–67 (footnotes omitted).

The question whether a judgment is final when attorney's fees have been awarded but their amount has not been set has also been addressed in various circuit court decisions. The determination of finality has, as was the case in *White,* seemingly hinged upon a circuit court's analysis of whether the award of attorney's fees was, in a particular action, similar to an application for costs, *Johnson v. Snyder,* 639 F.2d 316 (6th Cir. 1981) (judgment final although amount of attorney's fees not yet determined), a part of the relief sought, *Johnson v. University of Bridgeport,* 629 F.2d 828 (2nd Cir. 1980) (judgment not final when amount of attorney's fees not yet determined), or a collateral or independent claim that is neither a part of the relief sought or costs. *Obin v. District No. 9, International Assn. of Machinists and Aerospace Workers,* 651 F.2d 574 (8th Cir. 1981) (judgment final although amount of attorney's fees not yet determined). *See also White v. New Hampshire Department of Employment Security,* —— U.S. at ——, 102 S.Ct. at 1165 n.9 (setting forth, circuit by circuit, the various rules relating to finality of the judgment absent a determination of the amount of attorney's fees).

This court has also had occasion to discuss the relationship of attorney's fees to the finality of an order for purposes of appeal. *Jones v. Dealers Tractor and Equipment Company,* 634 F.2d 180 (5th Cir. 1981); *Knighton v. Watkins,* 616 F.2d 795 (5th Cir. 1980); *Williams v. Ezell,* 531 F.2d 1261 (5th Cir. 1976); *Stacy v. Williams,* 446 F.2d 1366 (5th Cir. 1971). In *Jones* and *Knighton,* we held, consistent with the Supreme Court's later decision in *White,* that Fed.R.Civ.P. 59(e) is inapplicable to a request for attorney's fees under the Civil Rights Attorney Fees Award Act. 42 U.S.C. § 1988. We reasoned:

> *Because this statute designates attorney's fees as part of the costs,* they will ordinarily be sought only after litigation. *See Gore v. Turner,* 563 F.2d 159, 163 (5th Cir. 1978).

*Jones v. Dealers Tractor and Equipment Co.,* 634 F.2d at 181–82 (emphasis added). In *Williams v. Ezell,* we held that an order granting a motion for attorney's fees but reserving the determination of their amount is not a final order for purposes of appeal.[6] In *Stacy v. Williams,* finding that the attorney's fees were part of the "relief" requested, we held that a motion for attorney's fees was a motion to alter a judgment and subject to the stricture of Rule 59(e).

■ Thus, while we have not articulated in detail our rationale for holding that an undetermined amount of attorney's fees may pretermit a final judgment in some cases (*Stacy*) but not in others (*Jones*), the applicable rationale, as derived from pertinent case law, is clear. When attorney's fees are similar to costs (*White*) or collateral to an action (*Obin*), a lack of determination as to the amount does not preclude the issuance of a final, appealable judgment on the merits. When, however, the attorney's fees are an integral part of the merits of the case and the scope of relief, they cannot be characterized as costs or as collateral and their determination is a part of any final, appealable judgment. The final task for us, then, is to determine the appropriate

---

**6.** We then held that the district court lacked power to deny plaintiff's voluntary dismissal of his case, and, therefore, the court had no jurisdiction to award attorney's fees.

characterization of the attorney's fees award in this maintenance and cure action.

### B. Applicability of the Law to These Facts

▉ Holmes describes the award of attorney's fees here as "similar to costs." If that were the case, our decision might be materially different. However, in an action for arbitrary and willful failure to pay maintenance and cure, attorney's fees are not "similar to costs," at all but rather are an element of damages which may be recovered. As the Supreme Court stated in its seminal decision allowing an award of attorney's fees in an action for maintenance and cure:

> Nor do we have the usual problem of what constitutes "costs" in the conventional sense. Cf. The Baltimore, 8 Wall. 377 [19 L.Ed. 463]. Our question concerns damages. Counsel fees were allowed in The Apollon, 9 Wheat. 362, 379 [6 L.Ed. 111], an admiralty suit where one party was put to expense in recovering demurrage of a vessel wrongfully seized. While failure to give maintenance and cure may give rise to a claim for damages for the suffering and for the physical handicap which follows (The Iroquois, 194 U.S. 240 [24 S.Ct. 640, 48 L.Ed. 955] ), the recovery may also include "necessary expenses." Cortes v. Baltimore Insular Line, 287 U.S. 367, 371 [53 S.Ct. 173, 174, 77 L.Ed. 368].
>
> In the instant case respondents were callous in their attitude, making no investigation of libellant's claim and by their silence neither admitting nor denying it. As a result of that recalcitrance, libellant was forced to hire a lawyer and go to court to get what was plainly owed him under laws that are centuries old. The default was willful and persistent. It is difficult to imagine a clearer case of damages suffered for failure to pay maintenance than this one.

Vaughan v. Atkinson, 369 U.S. 527, 530, 82 S.Ct. 997, 999, 8 L.Ed.2d 88 (1962) (emphasis added).

Additionally, we emphasize two critical facts that indicate that the attorney's fees were integral to the determination of the merits of the action. First, Holmes requested the attorney's fees as part of his damages for McDermott's arbitrary and willful failure to pay maintenance and cure, and this requested relief was included in the pretrial order. Second, the jury was charged on the issue of attorney's fees and the jury returned a verdict awarding them.

Moreover, the Supreme Court in White distinguished the case before it from the type with which we are faced today.

> Unlike other judicial relief, the attorney's fees allowed under § 1988 are not compensation for the injury giving rise to an action. Their award is uniquely separable from the cause of action to be proved at trial. See Hutto v. Finney, 437 U.S. 678, 695 n.24, 98 S.Ct. 2565, 2576 n.24, 57 L.Ed.2d 522 (1978).

White v. New Hampshire Department of Employment Security, —— U.S. at ——, 102 S.Ct. at 1165 (emphasis added).[7] Here, in contrast, the award of attorney's fees to Holmes was an element of damages for McDermott's willful and arbitrary denial of maintenance and cure. Vaughan v. Atkinson, supra. The attorney's fees award, therefore, was not uniquely separable from the merits but was bound hand in hand with them. The jury was instructed to

---

7. We recognize that the Supreme Court stated in White that "fee questions are not inherently or necessarily subsumed by a decision on the merits." 102 S.Ct. at 1166, n.13. Vaughan v. Atkinson, supra, makes it clear, however, that attorney's fees in a maintenance and cure action are "subsumed by the merits." The conclusion that White reached on § 1988 attorney's fees requests does not establish a general rule on attorney's fees requests, nor does it dictate the result here with respect to attorney's fees awards made as an element of damages under maritime law. Moreover, the concern of the Court in White, that because in civil rights cases, there may be "many final orders," 102 S.Ct. at 1167, relating to "relief of an injunctive nature," id., it "may be unclear even to counsel which orders are and which are not 'final judgments,'" id., seems less persuasive here as this type of maritime suit does not contemplate injunctive relief or portend the issuance of numerous "final" orders.

consider awarding attorney's fees only if it found that the denial of maintenance and cure was willful and arbitrary. Moreover, the maintenance and cure issue is the only one on which attorney's fees were awarded. Thus, the considerations that the Supreme Court found controlling in a motion for § 1988 attorney's fees do not apply here.[8] *Cf. Stacy v. Williams,* 446 F.2d at 1367 (per curiam) (a motion for attorney's fees because of opponent's bad faith in prolonging litigation is a component of substantive relief, and, therefore, the motion must be made either before judgment or within ten days of judgment as required by Fed.R. Civ.P. 59(e)).[9]

We simply cannot distinguish this case from any other judgment of liability that leaves undetermined the relief as to the amount of damages to which the plaintiff is entitled. The policies against piecemeal appeals apply fully to such a situation; they are also applicable here. *Cf. Security & Exchange Commission v. Independence Drilling Co.,* 595 F.2d 1006 (5th Cir. 1979) (district court's order that the SEC pay for the costs of a receivership was not final until the Commission's liability had been given a dollar amount).

██ In sum, while we recognize that determination of the amount of attorney's fees may be similar to costs, *Knighton v. Watkins, supra,* or collateral to the main dispute in a case in some situations, *see Odin v. District No. 9 of the International Association of Machinists and Aerospace Workers, supra,* in an action for arbitrary and willful failure to pay maintenance and cure we hold that such determination is not *collateral* to the main issues of the case but an issue relating to the substantive component of the case. The order appealed from which left the amount of a substantive claim undetermined[10] is not final and we have no jurisdiction to hear this appeal.

DISMISSED.

**8.** Our decision in *Knighton v. Watkins, supra,* differs from *White* only in holding that § 1988 makes attorney's fees an element of costs, and, therefore, motions for § 1988 attorney's fees are subject to Fed.R.Civ.P. 54(d) and 58 on costs. The Supreme Court did not reach this issue. *Knighton,* like *White,* is concerned with the unique aspects of § 1988 attorney's fees. Thus, *Knighton* 's differences from *White* do not affect our analysis of this case.

**9.** Holmes makes a second legal argument for finality. Holmes argues that *Lipscomb v. Wise,* 643 F.2d 319 (5th Cir. 1981), adopts the view that attorney's fees are always collateral to the merits of the case. It follows, Holmes argues, that a judgment on attorney's fees is final without determination of the quantity of fees due. In *Lipscomb,* the district court denied attorney's fees to attorneys who represented intervenors in a voting rights case. The judgment appealed from was final as to all parties. We held that the attorneys themselves had standing to appeal the denial of fees. We see nothing in this decision to support Holmes' argument for finality here.

**10.** At oral argument, Holmes asserted that the fact that the judge, rather than the jury, was to determine the *amount* of fees awarded by the jury as damages indicated that the award of attorney's fees was collateral under the rubric of *White.* However, Holmes also admitted that, at least in some maintenance and cure cases, juries awarded the specific amount of attorney's fees. Simply because the parties agreed here to allow the judge (rather than the jury) to fix the amount, we do not believe that the question of attorney's fees becomes less a part of the merits of the case. We do not think the timing of the determination of the amount or whether the parties have agreed that a judge (rather than a jury) should determine the amount is controlling in our analysis. Rather it is the fact that the attorney's fees are an integral part of the merits that is critical to our determination that, absent a determination of the amount of this element of damages, there has been no final, appealable judgment. Nor do we reach the issue whether the determination of the amount by the judge (rather than the jury) was proper as it has not been presented to us on appeal.