Kenneth W. TREUTER, and Maria B. Treuter, Plaintiffs–Appellants,

v.

KAUFMAN COUNTY, TEXAS, et al., Defendants–Appellees.

No. 87–1540
Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Jan. 20, 1989.

---

Terese M. Easter, Dallas, Tex., for plaintiffs-appellants.

R. Brent Cooper, Judith H. Winston, Dallas, Tex., for Mitchell–Rowden Ins. Agency, Kaufman County, Brockway, Conradt, Strange, Darst, Howie, Tidmore, D. Tidmore, Grimes, Duke, Coleman, Dagley, Davis, Ferguson & Horton.

Robert E. Luna, Dallas, Tex., for Merchants Mut., et al.

Mark M. Donheiser, Dallas, Tex., for City of Kaufman, Harris & Mosley.

W. Bruce Monning, Dallas, Tex., for Darst, et al.

Before CLARK, Chief Judge, JOHNSON, and JOLLY, Circuit Judges.

JOHNSON, Circuit Judge:

Plaintiffs Kenneth Treuter and Maria Treuter (Treuters) brought the instant suit in November 1984 against Kaufman County, Texas, the City of Kaufman, Texas, and County residents and officials (Kaufman defendants) alleging that their civil rights had been violated by illegal assaults, arrests, searches, seizures, punishments and other acts committed under color of state law. Thereafter, the district court dismissed the Treuters' suit after finding the Treuters and their counsel, Teresa Easter, in contempt of court for failing to obey a court order. On appeal, the Treuters maintain that the district court erred in finding them in contempt and dismissing their claim. Because we lack jurisdiction to address the contentions of the Treuters in the instant appeal, we dismiss.

## I. FACTS AND PROCEDURAL HISTORY

As noted previously, the Treuters originally filed the instant civil rights suit against the Kaufman defendants in Novem-

ber 1984. During the course of the litigation, a federal magistrate ordered the Treuters to produce certain tape recordings sought to be discovered by the Kaufman defendants at a date no later than May 27, 1986. Thereafter, the Treuters delivered to the Kaufman defendants a tape which was a compilation copy of all of the original tape recordings. Determining the tape to be unintelligible, the Kaufman defendants filed a motion for sanctions against the Treuters on June 25, 1986. After considering the above motion and listening to the tape, the magistrate, on August 26, 1986, agreed that the tape was unintelligible and accordingly ordered that the recording be excluded from evidence. The Treuters subsequently appealed the magistrate's ruling asserting that the tape was not unintelligible. Following the Treuters' appeal, the district court stayed the magistrate's order of August 26, 1986, and requested that the Treuters provide the district court with the original tapes so that the court could determine if, in fact, the tapes were unintelligible. Following this request, the Treuters informed the district court that the former landlady of Teresa Easter, Treuter's counsel, possessed the original tapes.

Ultimately, it was not the Treuters, but instead was the Kaufman defendants, who subpoenaed the former landlady to appear before the district court and to produce the tapes. While the landlady did appear before the district court at the specified date and time, the Treuters and their counsel failed to appear despite being provided sufficient notice of the date and time of the hearing. At the hearing, the landlady testified that she had returned the tapes to Kenneth Treuter on September 27, 1986. Following the above testimony, the district court concluded that the Treuters were in possession of all tapes no later than October 1, 1986, and had failed to notify the court of this fact; therefore, the Treuters were in violation of the district court's order issued on October 1, 1986, for failure to inform the district court and the Kaufman defendants of their possession of the tapes. As a result, the district court found the Treuters and their counsel, Ms. Easter, in contempt. Further, the district court, pur-

suant to Fed.R.Civ.P. 37, dismissed with prejudice the Treuters' claim and ordered the Treuters and Ms. Easter to pay all reasonable expenses of the Kaufman defendants, including attorney's fees incurred since the appeal of the magistrate's original order on August 24, 1986.

At this juncture in the litigation, the Treuters became engulfed in a procedural morass ultimately resulting in this Court's loss of jurisdiction to address the contentions raised by the Treuters in the instant appeal. Following the order of the district court dismissing their claim on October 21, 1986, the Treuters filed a motion for reconsideration of the above order on October 31, 1986. While the October 31 motion was pending, the Treuters filed, on November 20, 1986, a notice of appeal from the October 21 order of the district court. Thereafter, on December 9, 1986, the Treuters filed with this Court a "Motion to Stay Further Proceedings on Appeal" seeking to stay their appeal in this Court until the district court ruled on their motion for reconsideration filed on October 31, 1986. The motion to stay provided that the Treuters would file a new or amended notice of appeal if necessary upon the district court's ruling on the October 31 motion.

The district court eventually denied the Treuters' motion for reconsideration of the October 21 order on February 13, 1987. Importantly, the Treuters did not file a notice of appeal from the February 13 order. Thereafter, on April 1, 1987, this Court dismissed the Treuters' previous appeal filed on November 20. Following the above dismissal by this Court, the district court entered an order on June 17, 1987, awarding the Kaufman defendants a total of approximately $5,000 in fees and expenses incurred by the defendants as a result of the Treuters' violation of discovery orders. On July 16, 1987, the Treuters and their counsel, Ms. Easter, filed the instant appeal. In the instant appeal, the Treuters do not challenge the amount of fees and expenses awarded by the district court on June 17; instead, the Treuters raise several challenges on the merits of

the order of the district court entered on October 21, 1986.

## II. DISCUSSION

On appeal, the Kaufman defendants challenge the jurisdiction of this Court to address the assertions of the Treuters on appeal which relate to the merits of the October 21 contempt order. For the reasons set forth below, we are constrained to conclude that we do not possess the requisite jurisdiction to address the points of error asserted by the Treuters on appeal and accordingly, dismiss the instant appeal.

█ Federal Rule of Appellate Procedure 4(a)(4) provides in pertinent part:

If a timely motion under the Federal Rules of Civil Procedure is filed in the district court by any party ... under Rule 59 to alter or amend the judgment ... the time for appeal for all parties shall run from the entry of the order denying a new trial or granting or denying any other such motion. A notice of appeal filed before the disposition of any of the above motions shall have no effect. A new notice of appeal must be filed within the prescribed time measured from the entry of the order disposing of the motion as provided above. No additional fees shall be required for such filing.

In the instant case, we agree with the Kaufman defendants that the motion for reconsideration of the October 21 order filed by the Treuters constituted a motion to alter or amend the October 21 judgment pursuant to Fed.R.Civ.P. 59. Therefore, pursuant to the express provisions of Rule 4(a)(4), the notice of appeal filed by the Treuters on November 20 from the October 21 judgment was a nullity since the Treuters' motion for reconsideration was still pending at the time the November 20 notice of appeal was filed by the Treuters in this Court. As this Court has previously noted, "a premature notice of appeal does invoke appellate jurisdiction except in the narrow circumstances described in Rule 4(a)(4)." *Alcorn County, Mississippi v. U.S. Interstate Supplies,* 731 F.2d 1160, 1166 (5th Cir.1984). The instant case fits within the narrow circumstances described in Rule 4(a)(4) wherein a premature notice of appeal is indeed a nullity.

Since the November 20 notice of appeal filed by the Treuters was a nullity, our inquiry becomes whether or not the district court's order of October 21, 1986, was a final appealable judgment despite the reservation by the district court to later determine the specific amount of attorney's fees and expenses to be awarded to the Kaufman defendants. If the October 21 order was a final appealable order, any appeal addressing the merits of that order must have been filed within thirty days following the district court's order on February 13 denying the Treuters' motion for reconsideration. If, however, the October 21 order became final on June 17 when the district court determined the specific amount of attorney's fees and expenses to be awarded to the Kaufman defendants, the Treuters would be entitled to raise challenges on the merits of the October 21 order in the instant appeal since timely notice of appeal from that decision was filed by the Treuters on July 16, 1987.

█ Prior to the recent Supreme Court opinion in *Budinich v. Becton, Dickinson and Co.,* —— U.S. ——, 108 S.Ct. 1717, 100 L.Ed.2d 178 (1988), the above inquiry would have been governed by the decision of this Court in *Holmes v. J. Ray McDermott & Co., Inc.,* 682 F.2d 1143 (5th Cir.1982). In *Holmes,* this Court stated,

[w]hen attorney's fees are similar to costs or collateral to an action, a lack of determination as to the amount does not preclude the issuance of a final, appealable judgment on the merits. When, however, the attorney's fees are an integral part of the merits of the case and the scope of relief, they cannot be characterized as costs or as collateral and their determination is a part of any final, appealable judgment.

*Id.* at 1146. Under the jurisprudence in this Circuit on this issue, the attorneys' fees in the instant case are classified as collateral in character and therefore, under *Holmes,* the district court was not precluded from rendering a final appealable judg-

ment on the merits of the Treuters' claim prior to the entry of an order resolving the attorney's fees issue. *Id.*

However, in the recent opinion of *Budinich v. Becton, Dickinson and Co.,* the Supreme Court rejected the above rationale set forth by this Court in *Holmes* for determining whether "a decision on the merits is a 'final decision' as a matter of federal law under § 1291 when the recoverability or amount of attorney's fees for the litigation remains to be determined." ——— U.S. ———, 108 S.Ct. at 1720. In *Budinich,* the Supreme Court resolved the existing split in Circuit Court decisions on this issue by concluding that "a decision on the merits is a 'final decision' for purposes of § 1291 whether or not there remains for adjudication a request for attorney's fees attributable to the case." *Budinich,* 108 S.Ct. at 1722. Further, the Supreme Court stated that, since the *Budinich* ruling was jurisdictional, the rule set forth above could not be prospective in application only. *Id.* Accordingly, the *Budinich* rule applies to the instant appeal even though the Treuters' appeal preceded the Supreme Court's decision in *Budinich.*

We note at this point, however, that this Court has carved out at least one exception to the *Budinich* rule of appealability of decisions by a district court where the district court has not yet determined the specific amount of attorney's fees and expenses to be awarded. In *Harbor Insurance Co. v. Trammell Crow, Inc. and Chasewood Construction Co.,* 854 F.2d 94 (5th Cir.1988), this Court concluded that, regardless of whether a request for attorney's fees remains for adjudication, where the district court's judgment on the merits is labelled "interlocutory" and the district court specifically provides in the judgment that the judgment is an interlocutory judgment only, the time for filing a notice of appeal does not commence until the district court renders a final judgment resolving the attorney's fees issue.

In the instant case, the order of the district court on October 21, 1986, did not contain a label such as that in *Harbor Insurance* stating that the October 21 order was interlocutory; therefore, under either the new *Budinich* rule or the now rejected *Holmes* standard, the October 21 order was a final appealable order from which the Treuters failed to file a timely notice of appeal. Pursuant to the express provisions of Rule 4(a)(4), the November 20 notice of appeal was thus ineffective since it was filed while the Treuters' motion for reconsideration of the October 21 order was still pending before the district court. Since the Treuters did not later file a notice of appeal from the district court's denial of their motion for reconsideration, this Court is not at liberty to address points on appeal which relate to the merits of the October 21 order. While this Court does possess jurisdiction to address challenges to the amount of fees and expenses awarded by the district court on June 17, the Treuters have failed to raise any such challenges and therefore, we dismiss the instant appeal.[1] In doing so, we repeat the words of this Court in a recently unpublished order on the troublesome procedural quagmire created by Rule 4(a)(4). "It will be scant solace to [the plaintiff] and her counsel that the Judicial Conference Advisory Committee on the Federal Rules of Civil Procedure is considering a suggestion that this harsh rule [Rule 4(a)(4)] be changed." *Davidson v. Sun Exploration & Production Co.,* 857 F.2d 988 (5th Cir.1988).

DISMISSED

---

1. We note that the Treuters, on appeal, do challenge the June 17, 1987, award of attorney's fees and expenses as being precluded by the alleged fraud of the Kaufman defendants. The above assertion, however, does not challenge the amount of fees and expenses awarded, but instead contests the underlying reasons for the award. Thus, the Treuters' argument of fraud merely reopens the merits of the October 21 order awarding the fees and expenses. Since the Treuters failed to timely appeal from the October 21 order, we lack jurisdiction to address the Treuters' claim of fraud in this regard.