**JUSTINE REALTY COMPANY,**
Appellant,

v.

**AMERICAN NATIONAL CAN
COMPANY, Appellee.**

No. 90–3067.

United States Court of Appeals,
Eighth Circuit.

Submitted April 10, 1991.

Decided Sept. 27, 1991.

Rehearing and Rehearing En Banc
Denied Nov. 7, 1991.

Allen S. Boston, St. Louis, Mo., argued (Robert J. Golterman, on brief), for appellant.

Michael A. Kahn, St. Louis, Mo., argued (Kenneth E. Dick, on brief), for appellee.

Before JOHN R. GIBSON and BOWMAN and BEAM, Circuit Judges.

BEAM, Circuit Judge.

Before us is a motion to dismiss Justine Realty Company's appeal from the district court's judgment in favor of American National Can Company. American Can argues, in essence, that Justine improperly sought attorney's fees by a purported Rule 59(e) motion. Because Justine's notice of appeal was filed within thirty days of the district court's denial of this motion, and not within thirty days of the judgment, American Can argues that Justine's notice of appeal was not filed within the time required by Fed.R.App.P. 4(a) and that we lack jurisdiction. We disagree and deny the motion to dismiss.

I. BACKGROUND

Justine, a Missouri corporation, owns and manages real estate, including the building in Elk Grove Village, Illinois, which American Can has occupied as Justine's tenant since 1960. The action from which Justine appeals stems from a landlord-tenant dispute which arose when American Can attempted to exercise an option to renew its lease sometime prior to 1982. Justine objected to the renewal and claimed that

American Can breached the rental agreement by making unauthorized structural changes to the building and by failing to obtain Justine's consent to certain subleases. Justine sued American Can in circuit court in Illinois for forcible entry and detainer, and, in turn, American Can sued Justine for specific performance of the terms of the option. Justine's lawsuit was tried first and resulted in a judgment for American Can which was reversed, in part, on appeal. Before the case could be retried on remand, further negotiation between the parties resulted in their adoption of a settlement agreement on December 4, 1984, pursuant to which both parties dismissed their lawsuits.

The settlement agreement extended the lease in accordance with the option for ten years, to January 31, 1997, and provided that American Can would make monthly rental payments and separate monthly settlement payments to Justine for that period. The settlement agreement also provided for acceleration of all payments due through 1997 in case of a late payment. Paragraph IV.A provides in part:

> In the event that Justine does not receive a monthly payment before the twentieth day of the month in which the payment is due, Justine shall give American written notice thereof by certified mail return receipt requested, and if Justine has not received such payment within twelve days after receipt of such notice by American, the full amount of all remaining payments under this paragraph shall become immediately due, payable and collectible, without notice, and American shall pay Justine all Justine's costs of collection including reasonable attorneys' fees.

Justine invoked this paragraph when American Can's monthly settlement payment, due February 15, 1988, was not timely received. Justine gave American Can notice on February 22, 1988, that payment was late, thus giving American Can twelve days from receipt of notice to make the payment. American Can received the notice on February 22, so payment was due on March 12 to avoid acceleration under the agreement. Justine received American

Can's February 22 payment on March 17, 1988.

By letter of March 18, 1988, Justine demanded payment of all remaining settlement payments, totaling $1,030,699.92, plus interest. Justine filed its lawsuit on May 10, 1988, demanding this amount "together with all of Justine's costs of collection, including reasonable attorneys' fees." Joint App. at 9. While the lawsuit was pending, American Can tendered the other monthly payments as they became due, but Justine rejected them. On March 20, 1989, however, the parties entered into a letter agreement under which Justine accepted all tendered payments for the amounts due from February 15, 1988, to March 15, 1989, totaling $107,683.38, plus $5,659.39 in interest. Included in the interest figure was $70.51 for the late payment due February 15, 1988. The parties indicate that all payments have been regularly and timely made since March 20, 1989.

The case was tried to the district court on stipulated facts which the court incorporated verbatim as its findings of fact. The district court found the acceleration clause unenforceable as a penalty under Illinois law. "[T]he acceleration clause in the parties' contract must be viewed as a penalty, and it is, therefore, invalid." *Justine Realty Co. v. American Nat'l Can Co.*, 745 F.Supp. 1493, 1500 (E.D.Mo.1990). Thus, the court found that Justine was entitled only to payments and interest due under the agreement.

> In light of the fact that the late payment and interest thereon at the contractually agreed upon rate has been tendered to and accepted by [Justine], and given that [American Can] has complied with the payment schedule since February, this Court finds that [Justine] shall take nothing in this cause of action.

*Id.* at 1500. Even though American Can breached the settlement agreement by making its February 15, 1988, payment late, the court entered judgment, on August 29, 1990, for American Can.

On September 13, 1990, Justine filed a motion "pursuant to Rule 59(e)." Joint

App. at 168. In this motion, Justine argued that because the parties did not dispute that American Can breached the settlement agreement by making the February 15, 1988, payment late, Justine was entitled to attorney's fees and costs of collection regardless of the district court's ruling on the validity of the acceleration clause. *See id.* at 170. The district court denied the motion on November 1, 1990, finding that Justine was seeking attorney's fees "despite the fact[ ] that [Justine] has not prevailed in the action and that the contractual provision authorizing such an award was found by the Court to be unenforceable." *Id.* at 186. Justine then filed its notice of appeal within thirty days of this order, on November 30, 1990.

On February 15, 1991, American Can filed with this court a motion to dismiss Justine's appeal, and we heard oral argument on April 10, 1991. American Can argues that Justine's appeal was not filed within thirty days of the judgment. Specifically, American Can contends that under *Budinich v. Becton Dickinson & Co.*, 486 U.S. 196, 108 S.Ct. 1717, 100 L.Ed.2d 178 (1988), Justine's Rule 59(e) motion seeking attorney's fees was not a proper Rule 59(e) motion and did not toll the appeal period under Fed.R.App.P. 4(a)(4). As indicated, we disagree.

## II. DISCUSSION

At issue is whether Justine's August 29, 1990, motion was a Rule 59(e) motion which tolled the appeal period. The Supreme Court has held that "a postjudgment motion will be considered a Rule 59(e) motion where it involves 'reconsideration of matters properly encompassed in a decision on the merits.'" *Osterneck v. Ernst & Whinney*, 489 U.S. 169, 174, 109 S.Ct. 987, 990, 103 L.Ed.2d 146 (1989) (quoting *White v. New Hampshire Dept. of Employment Security*, 455 U.S. 445, 451, 102 S.Ct. 1162, 1166, 71 L.Ed.2d 325 (1982)). *Accord Ray E. Friedman & Co. v. Jenkins*, 824 F.2d 657, 660 (8th Cir.1987) ("Under rule 59(e), the Court may reconsider issues previously before it, and generally may examine the correctness of the judgment itself." (citation omitted)); *Quartana v. Utterback*, 789

F.2d 1297, 1300 (8th Cir.1986) (" '[A]ny motion that draws into question the correctness of the judgment is functionally a motion under Civil Rule 59(e), whatever its label.' " (quoting 9 *Moore's Federal Practice* ¶ 204.12[1] (2d ed. 1985))).

In *White*, the Supreme Court held that a motion for attorney's fees pursuant to section 1988 is not a Rule 59(e) motion because a motion for fees does not involve reconsideration of the merits. Fees pursuant to section 1988 cannot fairly be "characterized as an element of 'relief' indistinguishable from other elements," and cannot be "compensation for the injury giving rise to an action." *White*, 455 U.S. at 452, 102 S.Ct. at 1166. Rather, a motion for fees pursuant to section 1988 "raises legal issues collateral to the main cause of action." *Id.* at 451, 102 S.Ct. at 1166. Similarly, in *Buchanan v. Stanships, Inc.*, 485 U.S. 265, 108 S.Ct. 1130, 99 L.Ed.2d 289 (1988) (per curiam), the Supreme Court held that a postjudgment motion for costs pursuant to Fed.R.Civ.P. 54(d) is not a Rule 59(e) motion because it " ' "does not imply a change in the judgment, but merely seeks what is due *because of* the judgment." ' " *Id.* at 268, 108 S.Ct. at 1131 (quoting *White*, 455 U.S. at 452, 102 S.Ct. at 1166 (emphasis added) (quoting *Knighton v. Watkins*, 616 F.2d 795, 797 (5th Cir.1980))). By contrast, the Supreme Court held in *Osterneck* that a motion for prejudgment interest is a proper Rule 59(e) motion because it involves consideration of the merits. Prejudgment interest "traditionally has been considered part of the compensation due plaintiff." *Osterneck*, 489 U.S. at 175, 109 S.Ct. at 991. Moreover, the court reasoned, an award of prejudgment interest involves considerations "intertwined in a significant way with the merits of the plaintiff's primary case." *Id.* at 176, 109 S.Ct. at 992.

Our inquiry, then, requires us to consider these cases, defining a Rule 59(e) motion, with *Budinich*, in which the Court did not directly consider whether a particular motion was a Rule 59(e) motion, but rather the related question "whether a decision on the merits is a 'final decision' as a matter of

federal law under § 1291 when the recoverability or amount of attorney's fees for the litigation remains to be determined." *Budinich*, 486 U.S. at 199, 108 S.Ct. at 1720; *see Osterneck*, 489 U.S. at 175, 109 S.Ct. at 991. In other words, our inquiry is whether Justine's motion seeks reconsideration of matters properly encompassed within the district court's decision on the merits so that the motion is a proper Rule 59(e) motion *even though* it seeks attorney's fees.

In *Budinich*, the district court entered judgment on the merits on March 26, 1984. A final order awarding attorney's fees, as authorized by Colorado statutes in suits to collect employment compensation was issued August 1, 1984, and within thirty days thereafter, on August 29, the notice of appeal was filed. Appellee filed a motion to dismiss the appeal as untimely, which the Tenth Circuit granted. The Supreme Court affirmed, holding that the decision on the merits was final and appealable for purposes of section 1291 regardless of any unresolved, collateral issue of attorney's fees.

■ In so holding, the Supreme Court resolved a conflict among the circuits concerning whether attorney's fees were ever part of the merits or were necessarily collateral. Prior to *Budinich*, several circuits made this distinction, while other circuits rejected it in favor of a bright-line rule for determining finality under section 1291.[1] In agreeing with those circuits rejecting the distinction, the Supreme Court held, "As a general matter ... a claim for attorney's fees is not part of the merits of the action to which the fees pertain. Such an award does not remedy the injury giving rise to the action." *Budinich*, 486 U.S. at

200, 108 S.Ct. at 1721. Moreover, this is true even if the fees awarded are authorized by statute, specifically sought in the complaint's prayer for relief, or provided for as damages by the parties. *See id.* at 201, 108 S.Ct. at 1721. The Supreme Court speaking through Justice Scalia reasoned that the effect under 28 U.S.C. § 1291 of an unresolved issue of attorney's fees "for the litigation at hand should not turn upon the characterization of those fees by the statute or decisional law that authorizes them." *Id.* The practical approach suggested that what was of importance was preservation of operational consistency and predictability in the application of section 1291 and "this requires, we think, a uniform rule that an unresolved issue of attorney's fees for the litigation in question does not prevent judgment on the merits from being final." *Id.* at 202, 108 S.Ct. at 1721–22. Thus, the Court adopted a "bright-line rule ... that a decision on the merits is a 'final decision' for purposes of § 1291 whether or not there remains for adjudication a request for attorney's fees attributable to the case." *Id.* at 202–03, 108 S.Ct. at 1722.

American Can argues from this bright-line rule that the Supreme Court held that fees can never be part of the merits and are always collateral. As such, fees cannot be properly encompassed in a decision on the merits and, therefore, cannot be the subject of a Rule 59(e) motion. We think that American Can reads *Budinich* too broadly. *Budinich* holds that fees "for the litigation" are necessarily collateral; it does not hold that fees provided by the contract and incurred in pre-litigation performance of the contract, and thus part of

---

1. *Compare, e.g., Beckwith Machinery Co. v. Travelers Indem. Co.*, 815 F.2d 286, 290 (3d Cir.1987) (holding that "when the award of attorney's fees arises out of and is part of the claimant's cause of action and is not separately authorized by a statute providing for such an award, an order does not become final until the attorney's fees are quantified") *and Holmes v. J. Ray McDermott & Co.*, 682 F.2d 1143, 1146 (5th Cir.1982) (distinguishing between fees "similar to costs or collateral to an action" and those that are "an integral part of the merits of the case and the scope of relief"), *cert. denied*, 459 U.S. 1107, 103 S.Ct. 732, 74 L.Ed.2d 956 (1983) *with*

*Exchange Nat'l Bank v. Daniels*, 763 F.2d 286, 293 (7th Cir.1985) (rejecting as "altogether too metaphysical the distinction between fees that are 'compensation for injury' and those that are not"), *reh'g granted in part*, 768 F.2d 140 (7th Cir.1985), *and International Ass'n of Bridge, Structural, Ornamental, & Reinforcing Ironworkers' Local Union 75 v. Madison Indus.*, 733 F.2d 656, 659 (9th Cir.1984) (adopting bright-line rule that "all attorney's fees requests are collateral to the main action" and "that a judgment on the merits is final and appealable even though a request for attorney's fees is unresolved").

the substance of the claim (and therefore not "for the litigation,") can never be compensation for injury and part of the merits.

The Supreme Court's careful references in *Budinich* to attorney's fees make this clear. The Court did not hold that a claim for attorney's fees can never be "part of the merits of the action to which the fees pertain." *Id.* at 200, 108 S.Ct. at 1721. Rather, it held that *"[a]s a general matter"* fees are not part of the merits. *Id.* (emphasis added). *See Osterneck,* 489 U.S. at 175, 109 S.Ct. at 991 (*Budinich* reiterated that, *"as a general matter,* a request for attorney's fees is not part of the merits of the underlying action" (emphasis added)). This caveat makes sense when read with the Court's several references to "attorney's fees for the litigation," "attorney's fees for the litigation at hand," "attorney's fees for the litigation in question," and "attorney's fees attributable to the case." *Budinich,* 486 U.S. at 199, 201, 202, 203, 108 S.Ct. at 1720, 1721, 1722. Together, these references mean that attorney's fees "for the litigation" are not part of the merits. Read as American Can suggests— to mean that even attorney's fees provided for in substantive performance of the contract and thus part of the essence of the claim can never be part of the merits— would make these qualifiers superfluous.

Moreover, the distinction makes good sense, for in some instances fees are substantively part of a plaintiff's compensatory damage and are necessary to remedy the damage or injury sustained by a plaintiff. For instance, in an action against an insurer for failure to defend an underlying action as required by an insurance policy, plaintiff's costs and fees in defending the underlying action would constitute part of its damages. *See, e.g., Beckwith Machinery,* 815 F.2d at 291 (pre-*Budinich*). Or, in an action brought to recover a deficiency due after foreclosure on mortgaged property, part of plaintiff's damages could be fees incurred in the foreclosure proceedings as provided in the underlying documents on which the separate foreclosure suit was brought. Fees of this sort are substantively a part of plaintiff's compensation, and go to the merits of the claim rather than being "for the litigation in question," or "attributable to the case."

The question remaining, then, is whether Justine's motion sought fees that are part of the substance of its claim going to the merits and comprising compensation for its injury or damage. In essence, we think that Justine sought by its motion to obtain a portion of the contractual benefits in issue, which were part of its substantive claim, and inherent in the merits of its claim. Justine points out that the parties do not dispute that American Can breached the settlement agreement by making the February 15, 1988, payment late. It argues that because of this stipulated breach, it was entitled to judgment on the merits in its favor. That judgment would include the late payment plus interest and costs of collection and attorney's fees as provided in the settlement agreement. While the payment and interest had been accepted under the letter agreement, costs and fees were not mentioned by the district court. "Because American Can admitted that it breached the Settlement Agreement, the District Court could have entered judgment in Justine's favor for the attorney's fees even though the District Court declared the remedy of acceleration to be invalid." Appellant's Supplemental Brief at 5. Whether or not Justine's motion was properly denied by the district court for the reason stated—that the provision for costs of collection and attorney's fees was included in the acceleration clause which the court declared unenforceable—the reason for the ruling should not control the characterization of the motion. Justine sought, at least in part, to recover compensation provided by the contract, which goes to the merits of its claim of breach of the contract by American Can.

 The important caveat, of course, is that Justine's motion is not a Rule 59(e) motion under *Budinich* as far as it seeks costs and fees "for the litigation." *See, e.g.,* Joint App. at 173 ("Part of that Agreement includes paying the costs of *this* lawsuit." (emphasis added)); *id.* at 174 ("The award of costs and attorneys fees *in the instant case* is not outcome dependent."

(emphasis added)). We think, however, that Justine's motion properly sought, in part, any costs incurred in sending the certified letters notifying American Can of its default, and any pre-litigation fees for legal advice concerning proper invocation of the terms of the settlement agreement. These costs and fees are to be distinguished from those "for the litigation" as considered in *Budinich*. Even though these fees and costs are probably minimal, to this extent Justine's motion was a proper 59(e) motion—it sought reconsideration of matters properly encompassed in the decision on the merits. A determination of the question of fees and costs involved in this case is a necessary part of deciding the merits of the case and determining whether or not Justine is a prevailing party. To make final a judgment entered without them being quantified would needlessly frustrate the purposes of section 1291—avoiding piecemeal appeals—in ways which the Supreme Court did not countenance by adopting the bright-line rule concerning fees "for the litigation" in *Budinich*. Such a judgment is not one " 'which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.' " *Budinich*, 486 U.S. at 199, 108 S.Ct. at 1720 (quoting *Catlin v. United States*, 324 U.S. 229, 233, 65 S.Ct. 631, 633, 89 L.Ed. 911 (1945)).

### III. CONCLUSION

The denomination of a motion as one pursuant to Rule 59(e) does not make it so. Neither does the fact that a motion requests attorney's fees necessarily mean, under *Budinich*, that it cannot be a motion pursuant to Rule 59(e). We feel constrained to note the narrowness of our holding: *Budinich does* mean that a motion seeking fees "for the litigation" cannot be one pursuant to Rule 59(e) and that a judgment is therefore final regardless of unquantified fees "for the litigation." Contrary to Justine's argument, this is so whatever the agreement of the parties. Parties seeking such fees must appeal within thirty days of judgment on the merits. Any effort to toll the appeal period by filing a motion for fees "for the litigation" will be fatal. The motion to dismiss is denied.

BOWMAN, Circuit Judge, dissenting.

I agree with most of the analysis set forth in the well-reasoned opinion of the Court, but I do not agree with its conclusion that Justine's post-judgment motion for attorney fees should not be viewed in its entirety as a request for attorney fees "attributable to the case" within the meaning of *Budinich v. Becton Dickinson & Co.*, 486 U.S. 196, 202–03, 108 S.Ct. 1717, 1722, 100 L.Ed.2d 178 (1988).

All the attorney fees Justine seeks are directly related to the contractual dispute that was tried in the District Court and with respect to which that court entered judgment. As Justine's post-judgment motion makes clear, what Justine sought in that motion was simply "its costs *of this action* including a reasonable attorneys [sic] fee as is provided in the Settlement Agreement." Plaintiff's Motion to Alter or Amend Judgment, Joint Appendix at 169 (emphasis added). The motion concludes with the request that the court alter or amend its judgment "to include an award to Justine of its costs, including reasonable attorneys' fees, *incurred in this action,* the exact amount of those costs and fees to be determined *at the conclusion of this action." Id.* at 170 (emphasis added). Plainly, Justine sought nothing more than fees "attributable to the case," and it matters not that its claim for fees is based on an asserted contractual right rather than on a fee-shifting statute. I therefore would hold that all these fees are "attributable to the case."

Because Justine has sought nothing more than fees "attributable to the case" (or "for the litigation"), it follows that under *Budinich* Justine's post-judgment motion did not toll the thirty-day period for filing a notice of appeal as provided in Rule 4 of the Federal Rules of Appellate Procedure. As Justine's notice of appeal was not filed within thirty days after the District Court's entry of final judgment, the appeal should be dismissed for lack of jurisdiction. I respectfully dissent from our

Court's strained effort to avoid that result by its reading into Justine's motion things that are not there.