**F.E.L. PUBLICATIONS, LTD., a corporation, Plaintiff-Appellee,**

v.

**CATHOLIC BISHOP OF CHICAGO, Defendant-Appellant.**

No. 84–1900.

United States Court of Appeals, Seventh Circuit.

Submitted June 28, 1984.

Decided July 18, 1984.

Don H. Reuben, Reuben & Proctor, Chicago, Ill., for defendant-appellant.

George E. Bullwinkel, Boodell, Sears, Sugrul, Giambalvo & Crowley, Robert L. Kiesler, Kiesler & Berman, Chicago, Ill., for plaintiff-appellee.

Before BAUER, POSNER and FLAUM, Circuit Judges.

PER CURIAM.

We issued a rule to show cause why the appeal in this matter should not be dismissed because the notice of appeal had been filed by the defendant before the district court decided the plaintiff's motion under Rule 59(e) of the Federal Rules of Civil Procedure to alter the court's judgment. Such a notice of appeal has no effect. See Rule 4(a)(4) of the Federal Rules of Appellate Procedure; *Sutliff, Inc. v. Donovan Cos.*, 727 F.2d 648, 652 (7th Cir. 1984). However, the return to the rule to show cause reveals that there is some uncertainty among lawyers in this circuit regarding the effect of a post-judgment motion (under Rule 59(e) or any of the other rules that toll the period for filing the appeal, see Fed.R.App.P.4(a)(4)) addressed to only one aspect of the judgment. The plaintiff's Rule 59(e) motion was addressed to the part of the judgment that disposed of its copyright claim; the defendant's appeal is from the parts that dispose of the plaintiff's tortious interference and exemplary-damages claims.

That makes no difference at all, as we think is clear from the fact that Rule 4(a)(4) states that the filing of a Rule 59(e) (or other designated) motion extends "the time for appeal for *all* parties" (emphasis added) and makes the notice of appeal of no effect even if the pending motion in the district court is a motion "under Rule 52(b) to amend or make additional findings of fact, whether or not an alteration of the judgment would be required if the motion is granted." See *Martin v. Campbell*, 692 F.2d 112, 115–16 (11th Cir.1982); 9 Moore's Federal Practice ¶¶ 204.12[1], 204.12[5], 204.14 (2d ed. 1983); 16·Wright, Miller & Cooper, Federal Practice and Procedure § 3950, at p. 167 (Supp.1984). Appeal is

premature until the district court has rendered a genuinely final and complete decision by disposing of all the motions that the Federal Rules allow the parties to make within 10 days of the rendition of the judgment and that when made toll the time for appealing.

The appeal of May 22, 1984, is therefore DISMISSED.