**METALLURGICAL INDUSTRIES, INC.,**
**Plaintiff-Appellant,**

v.

**FOURTEK, INC., a Corporation, et al., Defendants,**

**and**

**Irvin Bielefeldt, et al.,**
**Defendants-Appellees.**

No. 84–1773.

United States Court of Appeals,
Fifth Circuit.

Sept. 23, 1985.

Hubbard, Thurman, Turner & Tucker, John Feather, Dallas, Tex., Carella, Byrne, Bain & Gilfillan, John N. Bain, Richard E. Kummer, Roseland, N.J., Geary, Stahl & Spencer, Gerald P. Urbach, Dallas, Tex., for plaintiff-appellant.

Christie, Parker & Hale, Richard D. Seibel, E. Roderick Cline, Pasadena, Cal., Richards, Harris & Medlock, V. Bryan Medlock, Jr., Martin Korn, Dallas, Tex., for Smith Intern.

Crutsinger & Booth, John Booth, Monty L. Ross, Stinson, Mag & Fizzell, William Frank Carroll, Dallas, Tex., for Bielefeldt.

Vernon, McKinley & Lybrand, James L. Schutza, Dallas, Tex., for Montesino, Boehm & Sarvadi.

Before REAVLEY, POLITZ and TATE, Circuit Judges.

PER CURIAM:

When an appellant notices appeal from an interlocutory order and subsequently obtains a certificate pursuant to Fed.R.

Civ.P. 54(b) for appeal of the prior order, must a new notice of appeal be filed after entry of the Rule 54(b) order? Our answer: a new notice is not prerequisite to our jurisdiction.

On May 7, 1985, 762 F.2d 1002, this panel dismissed the appeal of Metallurgical Industries, Inc. on the grounds that the order from which the appeal was taken did not dispose of the claim against one of the defendants. We suggested that appellant accept appellees' offer of a joint motion to the district court to certify finality pursuant to Rule 54(b); and we advised that, if the Rule 54(b) certificate were obtained, the appeal so supplemented could proceed. *See General Motors Corp. v. Dade Bonded Warehouse, Inc.*, 498 F.2d 327, 328 (5th Cir.1974).

The district court did on June 6 make the proper Rule 54(b) certificate by an order that granted no relief except to certify the finality of the June 28, 1984 order from which the attempted appeal originally was taken. Metallurgical Industries, Inc. filed the certificate and moved to reinstate the appeal. Appellees now oppose the exercise of our jurisdiction on the ground that the June 6 order is the first final order of the district court, that no notice of appeal has been given to comply with Fed.R.App.P. 4(a)(1), and that no appeal has therefore been taken. If that were the result here, it would be a real victory of form over substance. The parties and judges alike knew that the appeal would proceed upon entry of the district court's 54(b) certificate.

Fortunately, we have the holding of *Alcorn County, Miss. v. U.S. Interstate Supplies*, 731 F.2d 1160 (1984) to support us in giving effect to the premature notice of appeal. This result is in the spirit of Fed.R.App.P. 4(a)(2), and is not contrary to any words of the Rule. When the only object of the Rule 54(b) order is to make the original order appealable, our jurisdiction should be sustainable under several theories, but we enjoy the umbrella of *Alcorn County:*

We join the Third Circuit in holding that a premature notice of appeal does invoke appellate jurisdiction except in the narrow circumstances described in Rule 4(a)(4). *See Cape May Greene, Inc. v. Warren*, 698 F.2d 179 (3d Cir.1983). [731 F.2d at 1166]

The appellant's motion to reinstate the appeal is GRANTED.