**Gail W. DAVIDSON,
Plaintiff–Appellant,**

v.

**SUN EXPLORATION & PRODUCTION
CO., Defendant–Appellee.**

No. 88–1038.

United States Court of Appeals,
Fifth Circuit.

Aug. 24, 1988.

Dennis C. Reich, Reich & Binstock, Houston, Tex., for plaintiff-appellant.

Franklin H. McCallum, Hinkle, Cox, Eaton, Midland, Tex., Richard E. Olson, Roswell, N.M., for defendant-appellee.

Before RUBIN, JOHNSON, and JOLLY, Circuit Judges.

PER CURIAM:

■ Once again, the express terms of Federal Rule of Appellate Procedure 4(a)(4), as interpreted by us in *Harcon Barge Co. v. D & G Boat Rentals, Inc.*,[1] require that we treat as ineffective a notice of appeal filed while a motion for a mistrial or new trial, albeit on only one issue in the case, was pending. That notice of appeal was a nullity, and no other notice was filed. We therefore lack jurisdiction and must dismiss the appeal.

This is the sequence of events:

January 5, 1988: The district court entered final judgment on all claims.

January 12, 1988: Gail W. Davidson, the plaintiff-appellant, filed a motion for mistrial or in the alternative for a new trial. While Davidson directed the motion for a new trial to only her age-discrimination claim and not her Title VII sex-discrimination claim, had the motion been granted the judgment in favor of the defendant, Sun Exploration & Production Co., would have been set aside. Hence this was a motion under Federal Rule of Civil Procedure 59 for a new trial, even if not for a completely new trial, because Rule 59 authorizes the grant of a new trial on "all or part of the issues." A motion for new trial on only some issues activates the provisions of appellate Rule 4(a)(4) on all issues.[2] To hold otherwise, as Davidson asks, would introduce the kind of uncertainty that, we found in *Harcon Barge*, Rule 4(a)(4) was designed to banish.[3]

---

1. 784 F.2d 665, 669–70 (5th Cir.) (en banc), *cert. denied,* 479 U.S. 930, 107 S.Ct. 398, 93 L.Ed.2d 351 (1986).

2. *F.E.L. Publications, Ltd. v. Catholic Bishop of Chicago,* 739 F.2d 284 (7th Cir.1984); Wright, Miller, and Cooper, 16 Federal Practice and Procedure § 3950 at 299 (Supp.1987); *compare Trowel Trades Employees Health & Welfare Trust v. Nezelek,* 645 F.2d 322, 324–25 (5th Cir. Unit B 1981).

3. *See* 784 F.2d at 670.

January 14, 1988: Davidson filed a notice of appeal.

February 4, 1988: The district court denied Davidson's motion for a mistrial or new trial.

February 26, 1988: The clerk of this court dismissed the appeal because Davidson had failed to make financial arrangements for a transcript with the district court reporter.

February 26, 1988: Davidson ordered the transcript and made financial arrangements with the court reporter.

March 8, 1988: The case manager for this court, a deputy clerk of court, wrote Davidson that the transcript order form and the court order dismissing the appeal had apparently crossed in the mail.

March 17, 1988: Davidson filed a motion to reinstate her appeal.

March 24, 1988: Sun filed a motion to dismiss the appeal on the ground that the notice of appeal had not been timely filed. The clerk of court, treating this as a response to the motion to reinstate the appeal, forwarded it to the judge to whom the motion to reinstate had been submitted.

April 13, 1988: That judge granted the motion to reinstate the appeal but did not rule on the motion to dismiss the appeal. Federal Rule of Appellate Procedure 27(c) permits a single judge to reinstate an appeal but not to "dismiss or otherwise determine an appeal." The motion to dismiss was apparently overlooked. In any event, the reinstatement of the appeal was not an action on the motion to dismiss.

July 11, 1988: Sun renewed its motion to dismiss.

July 20, 1988: Davidson responded opposing the motion.

 As we have often made clear, appellate Rule 4(a)(4) gives us no discretion.[4] *Metallurgical Industries, Inc. v. Fourtek,*

*Inc.,*[5] on which Davidson relies, simply reaffirms our previous statement that "a premature notice of appeal does invoke appellate jurisdiction *except in the narrow circumstances described in Rule 4(a)(4)."*[6] Rule 4(a)(4) governs here. The notice of appeal was ineffective, not because it was too late, but because it was too early; and Davidson did not file a new notice of appeal within 30 days after the district court disposed of her motion for new trial. It will be scant solace to Davidson and her counsel that the Judicial Conference Advisory Committee on the Federal Rules of Civil Procedure is considering a suggestion that this harsh rule be changed.

For these reasons, the appeal is DISMISSED.

**4.** *Craig v. Lynaugh,* 846 F.2d 11, 13 (5th Cir. 1988); *Archer v. Lynaugh,* 821 F.2d 1094, 1095 (5th Cir.1987); *see Griggs v. Provident Consumer Discount Co.,* 459 U.S. 56, 61, 103 S.Ct. 400, 403, 74 L.Ed.2d 225 (1982).

**5.** 771 F.2d 915, 916 (5th Cir.1985).

**6.** *Id., quoting Alcorn County, Miss. v. U.S. Interstate Supplies,* 731 F.2d 1160, 1166 (5th Cir. 1984).