904 F.2d 708
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
PENTCO ENTERPRISES, INC.; William Arim; Robert Ditta,
Plaintiffs-Appellants,
v.
GENERAL MOTORS CORPORATION; Fairfax Group, Ltd.;
Transmissions by Lucille; Lucille Tregonwan,
Defendants-Appellees.
 No. 90-1637.
 United States Court of Appeals, Sixth Circuit.
 June 14, 1990.
 
 Before MILBURN and DAVID A. NELSON, Circuit Judges and LIVELY, Senior Circuit Judge.
 
 ORDER
 
 1
 The plaintiffs appeal dismissal of their federal action brought under 42 U.S.C. Sec. 1983 and removed from state court which alleged that the defendants wrongfully eliminated transmission repair facilities owned by or affiliated with the plaintiffs. The district court entered an order dismissing the Sec. 1983 action and pendent state claims on February 14, 1990. The plaintiffs then brought a timely motion to amend that order to allow the remand of the pendent claims to state court. On April 30, 1990, the district court amended its prior order and remanded the pendent claims to state court. The defendants filed, within ten days, a motion to reconsider the remand of the pendent claims. While that motion was pending, the plaintiffs filed this notice of appeal. Subsequently, the district court entered an order on June 11, 1990, denying the defendants' motion to reconsider.
 
 
 2
 A notice of appeal filed before the disposition of a timely motion to alter or amend is of no effect. Fed.R.Civ.P. 4(a)(4); Griggs v. Provident Consumer Discount Co., 459 U.S. 56 (1982) (per curiam). Further, when a district court grants a motion to amend and significantly alters its prior judgment, the federal rules do not prohibit the opposing party from filing a motion in an attempt to persuade the district court to reinstate its original judgment. York v. Tate, 858 F.2d 322, 326 (6th Cir.1988) (per curiam), cert. denied, 109 S.Ct. 1960 (1989). The time for filing an appeal begins to run from the date of disposition of the second motion. Accordingly, in this case the time for appeal did not commence until June 11 when the defendants' motion was denied. The notice of appeal filed prior to entry of that order is of no effect. This is true even though the appeal purports to be from a portion of the judgment which is not addressed by the time-tolling motion. See F.E.L. Publications, Ltd. v. Catholic Bishop of Chicago, 739 F.2d 284 (7th Cir.1984) (per curiam).
 
 
 3
 It is therefore ORDERED that this appeal is dismissed sua sponte for lack of jurisdiction without prejudice to the plaintiffs' right to perfect a new, timely appeal. Rule 9(b)(1), Local Rules of the Sixth Circuit.