908 F.2d 972
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
BOYAS EXCAVATING, INC., Boyas 86 Joint Venture, Plaintiffs-Appellants,
v.
CITY OF BRECKSVILLE, Council of the City of Brecksville,
Gerald F. Broski, President, Frank Welch, Vice President,
Kay Broughton; Ben Bugeda, Walter Zimlick; Carl Opatrny,
Anthony J. Celebrezze, Jr., Attorney General, Defendants-Appellees.
 No. 90-3539.
 United States Court of Appeals, Sixth Circuit.
 July 30, 1990.
 
 Before KENNEDY and MILBURN, Circuit Judges, and CONTIE, Senior Circuit Judge.
 
 
 1
 This matter is before the Court upon the plaintiffs' response to the order to show cause why this appeal should not be dismissed for lack of jurisdiction.
 
 
 2
 The plaintiffs appeal summary judgment for the defendants and dismissal of their pendent state claims in this action challenging municipal ordinances relating to the regulation of oil and gas wells. The district court entered its judgment of dismissal on May 16, 1990. Within ten days, as computed by Fed.R.Civ.P. 6(a), plaintiff Boyas Excavating, Inc. filed a motion to reconsider and to modify the order to remand, rather than dismiss, the state claims. While that motion was pending, the plaintiffs filed this notice of appeal. The show cause order was entered June 25.
 
 
 3
 A motion to reconsider which seeks an amendment of judgment and is made within ten days of the judgment tolls the time for appeal. Denley v. Shearson/American Express, Inc., 733 F.2d 39 (6th Cir.1984). A notice of appeal which is filed prior to the disposition of a time-tolling motion is of no effect. Fed.R.App.P. 4(a)(4); Griggs v. Provident Consumer Discount Co., 459 U.S. 56 (1982) (per curiam). A new notice of appeal must be filed within the prescribed period measured from the disposition of the motion. Id.
 
 
 4
 The plaintiffs state in their response that the motion to reconsider only sought review of that portion of the district court order dismissing, rather than remanding to state court, the pendent claims. Accordingly, the plaintiffs believed it necessary to appeal the remaining portion of the order which granted summary judgment in favor of the defendants. However, a time-tolling motion directed to one portion of a judgment extends the time for appeal of the remaining judgment. See F.E.L. Publications, Ltd. v. Catholic Bishop of Chicago, 739 F.2d 284 (7th Cir.1984); cf. Marrical v. Detroit News, Inc., 805 F.2d 169, 171 (6th Cir.1986) (per curiam) (time-tolling motion filed by one party tolls time for appeal by all parties). Therefore, the instant appeal is premature and without effect.
 
 
 5
 It is therefore ORDERED that this appeal is dismissed sua sponte without prejudice to the plaintiffs' right to perfect a timely appeal from the district court's order following disposition of the motion to reconsider. Rule 9(b)(1), Local Rules of Court.