36 F.3d 1092
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
P.C. DIMAGNO, d/b/a P.C. Dimagno Engineers & Surveyors,
Plaintiff-Appellant,
v.
Janis Hutchins ZACHMAN; Richard S. Wachtel; Russell L.
Howard; Victor L. Shockey; Robert Banks, as members of the
Eastern West Virginia Regional Airport Authority; William
D. Walkup, Manager/Administrator of the Eastern West
Virginia Regional Airport Authority; Eastern West Virginia
Airport Authority, a municipal corporation; Lean
Engineering Consultants, P.C., a Virginia corporation; Shay
Lean; Roy D. McQueen; United States of America, Defendants-Appellees,
And Richard Sutherland; Brian Truman; Billie Burkhart, Defendants.
 No. 93-2093.
 United States Court of Appeals, Fourth Circuit.
 Argued May 9, 1994.
Decided Sept. 30, 1994.
 
 1
 Appeal fromthe United States District Court for the Northern District of West Virginia, at Martinsburg. Frederick P. Stamp, Jr., Chief District Judge.
 
 
 2
 ARGUED: Michael Lee Scales, Greenberg & Scakes, Martinsburg, WV, for apellant.
 
 
 3
 Helen Campbell Altmeyer, Asst. U.S. Atty., Wheeling, WV; Charles F. Printz, Jr., Bowles, Rice, McDavid, Graff & Love, Martinsburg, WV, for appellees.
 
 
 4
 ON BRIEF: Curtis G. Power, III, Steptoe & Johnson, Martinsburg, WV for appellees.
 
 
 5
 N.D.W.Va.
 
 
 6
 AFFIRMED.
 
 
 7
 Before MURNAGHAN and NIEMEYER, Circuit Judges, and HILTON, United States District Judge for the Eastern District of Virginia, sitting by designation.
 
 OPINION
 HILTON, District Judge:
 
 8
 This is an appeal from the United States District Court for the Northern District of West Virginia granting summary judgment to appellee Eastern West Virginia Regional Airport Authority ("Airport Authority"). This action was originally filed in the Circuit Court of Berkeley County, West Virginia on September 21, 1987. On March 6, 1991, the United States removed this case to the United States District Court for the Northern District of West Virginia. Finding no error in the decision of the District Court, we affirm.
 
 
 9
 Appellant, P.C. DiMagno, is a licensed professional engineer and is a resident of Berkeley County, West Virginia. Appellee Airport Authority is a political subdivision chartered under the laws of West Virginia, and is charged with the responsibility of ownership, maintenance, and operation of the Eastern West Virginia Regional Airport. The Airport Authority receives federal funds by virtue of grants from the Federal Aviation Administration ("FAA"). Appellees, Janis Hutchins Zachman, Richard S. Wachtel, Russell L. Howard, Victor L. Shockey (now deceased, substituted by Vicki L. Fulk, Executrix), and Robert Banks were duly appointed and qualified members of the Airport Authority. Appellee, William D. Walkup, was the duly appointed manager/administrator of the Airport Authority. Appellee, Lean Engineering Consultants, P.C., is a Virginia corporation which provides engineering services; appellees, Roy D. McQueen and Shay Lean, are its principals.
 
 
 10
 Appellant provided engineering on five major projects for the Airport Authority during the period from 1981 through 1986. There were no complaints or criticisms of appellant's engineering services nor was there any evidence of animosity toward him. Of those projects, only the first involved a competitive selection process for the engineering work, and none of the projects involved airfield lighting design. Appellant became the contract engineer on the other four projects for the Airport Authority in the absence of a competitive selection process.
 
 
 11
 Appellant performed some preliminary engineering work in November and December of 1986 in support of the Airport Authority's application to the FAA for funding for a taxi-way lighting project for the Eastern West Virginia Regional Airport, located in Berkeley County, West Virginia. On December 10, 1986, appellant and the Airport Authority entered into a written letter agreement in which both of the parties contracted for appellant to be the engineer for the taxiway lighting project, based upon appellant's preliminary engineering, if the application for funding was approved.
 
 
 12
 The FAA approved funding for the project, but in January or February of 1987, the FAA instructed appellee Airport Authority's Manager, William Walkup, that the project would have to be advertised for engineering proposals following competitive negotiation procurement procedures, unless the engineering services had been set forth in a prior project proposal. The Airport Authority then published a legal notice, known as a Request for Proposals ("RFP"), for interested engineering firms to submit federal forms for the taxi-way lighting project. The Airport Authority formed pre-selection and selection committees, which consisted of its members as well as members of the West Virginia Air National Guard.
 
 
 13
 The legal notice specified that "[t]he selection process will be based on experience, past performance, type of engineering and design projects performed and proximity to the job site." In addition, applicants were required to meet licensure and other regulation requirements of state and federal law, including licensure in the State of West Virginia. The evaluation work sheet for the selection process contained the following grading criteria: location of firm, experience with this type of facility, specialized experience, and ability to accomplish required services.
 
 
 14
 Seven engineering firms submitted proposals in response to the Airport Authority's local notice pertaining to the taxi-way lighting project, including appellant and appellee Lean Engineering Consultants, P.C. On or about March 27, 1987, the Airport Authority chose appellee, Lean Engineering Consultants, P.C., as its engineering firm for the project and subsequently entered into an engineering contract dated March 28, 1987, with that engineering firm for $51,245.00 in engineering services.
 
 
 15
 As a result of the availability of further FAA funding, in March 1989, the Airport Authority published additional legal notices, requesting engineering proposals for an update of its airport master plan and for electrical alterations and improvements of the airfield lighting system. Among the engineering firms submitting proposals for these projects was appellee Lean Engineering Consultants, P.C. Appellant submitted no engineering proposals for these projects, but affiliated with another engineering firm, LPA Group, which submitted an engineering proposal.
 
 
 16
 On or about May 3, 1989, based upon a pre-selection and selection process, utilizing grading criteria, the Airport Authority awarded the master plan project to Wilbur Smith & Associates and the alteration to the airfield lighting system project to appellee, Lean Engineering Consultants, P.C. These firms subsequently contracted with appellee Airport Authority, on October 2, 1989, to provide the necessary engineering services.
 
 
 17
 According to appellant, appellee, Richard Wachtel, now President of the Airport Authority, told appellant that the engineering firm of Wilbur Smith & Associates, was awarded the engineering contract for the master plan by the Airport Authority as the result of having dinner with some of the principals of the Airport Authority. Appellant has alleged that he is entitled to damages for fraud based upon the fact that the Airport Authority represented to him that he would be the engineer for the taxi-way lighting project and subsequent projects; and that he relied upon such representations by virtue of the fact that he had a letter dated December 10, 1986, and an application for a grant indicated that he was the project engineer.
 
 
 18
 The District Court found that DiMagno failed to present sufficient evidence to create a genuine issue of material fact to support his claim against the defendants for fraud and granted defendants' Motion for Summary Judgment.
 
 
 19
 Appellant raises numerous issues on appeal. He alleges that this Court lacks jurisdiction to hear this appeal as a final judgment pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, as there is a Motion for Entry of Judgment currently pending before the District Court. However, the District Court's nunc pro tunc certification of a final judgment should permit this appeal to proceed without the necessity of filing a new notice of appeal. When the only purpose of the District Court's certificate is to make an order appealable after the filing of a previous notice of appeal, it is not necessary to file a new notice of appeal. Metallurgical Indus., Inc. v. Fourtek, Inc., 771 F.2d 915, 916 (5th Cir.1985).
 
 
 20
 Appellant next contends that the claims made by appellant in his Amended Complaint against Major Brian Truman, Major Billie Burkhart, and Lieutenant Colonel Richard Sutherland for fraud and fraudulent conspiracy are such claims that may not be removed to the federal District Court from state court under the Federal Tort Claims Act ("FTCA") (28 U.S.C. Sec. 2671, et seq. (1988)) and 28 U.S.C. Sec. 1346(b) (1988). The removal in this action was clearly proper, as there were independent bases for removal which were in no way related to 28 U.S.C. Sec. 2679. This case was properly removed pursuant to three federal statutes. 28 U.S.C. Sec. 1442(a) authorizes removal of civil suits filed in state courts against "(1) any officer of the United States or any agency thereof, or person acting under him, for any act under color of such office...." A state civil action against "a member of the armed forces of the United States on account of an act done under color of his office or status ..." can be removed to Federal Court at any time prior to trial pursuant to the provisions of 28 U.S.C. Sec. 1442(a).
 
 
 21
 The Amended Complaint of DiMagno is also removable according to the provisions of 28 U.S.C. Sec. 2679(d)(2), as the Attorney General, through the United States Attorney, certified that the three federal employees were acting within the scope of their employment by the United States at the time of the incidents alleged in the Amended Complaint. Therefore, the United States was substituted as the defendant in accordance with the provisions of 28 U.S.C.Sec. 2679(d)(1).
 
 
 22
 Appellant objects to the Attorney General's certification that Majors Truman, Burkhart, and Lieutenant Colonel Sutherland were acting within the scope of their employment and in the line of duty within the United States of America, pursuant to 28 U.S.C. Sec. 2671. DiMagno can identify no evidence in this action which would indicate that the federal employees in question were acting outside of the scope of their employment. However, the issue regarding certification by the Attorney General, as addressed by DiMagno, is not reviewable by this Court. See Johnson v. Carter, 983 F.2d 1316, 1320-21 (4th Cir.1993), cert. denied, 1993 U.S. LEXIS 4930 (Oct. 4, 1993) ("If the Attorney General certifies that the defendant employee was acting within the scope of his employment, 'the United States shall be substituted as the party defendant.' ").
 
 
 23
 Appellant argues that the District Court erred in denying his Motion to remand this civil action to the Circuit Court of Berkeley County, West Virginia. Appellant argues that this action should have been remanded due to the fact that the causes of action set forth in his Amended Complaint are specifically excluded from the provisions of the FTCA pursuant to 28 U.S.C. Sec. 2680(h). However, the Supreme Court rejected this argument in United States v. Smith, 499 U.S. 160, 165 (1991), holding that government employees are immunized from suit "even when an FTCA exception precludes recovery against the Government." Therefore, the District Court's denial of appellant's Motion to Remand was proper.
 
 
 24
 Further, the District Court was not wrong in striking Majors Brian Truman, Billie Burkhart, and Lieutenant Colonel Richard Sutherland as party appellees, and substituting therefore the United States of America. Nor was the District Court wrong in dismissing the United States of America as a party defendant. Appellant fails to take into account that the FTCA was enacted as a waiver of sovereign immunity only in certain instances. Employees of the armed services serving in their official capacity were never intended to be subject to suits alleging fraud or fraudulent conspiracy under these circumstances.
 
 
 25
 Finally, appellant argues that the District Court erred in granting the Airport Authority's Motion for Summary Judgment. Grants of summary judgment motions are warranted if the pleadings, answers to interrogatories, admissions, and affidavits show that there is no genuine issue as to any material fact and that the moving party will prevail as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). There is a genuine issue as to a material fact only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986).
 
 
 26
 In West Virginia, the elements for an action for fraud are as follows:
 
 
 27
 (1) that the act claimed to be fraudulent was the act of the defendant or induced by him; (2) that it was material and false; that plaintiff relied upon it and was justified under the circumstances in relying upon it; and (3) that he was damaged because he relied upon it.
 
 
 28
 Lengyel v. Lint, 280 S.E.2d 66, 69 (W. Va.1981).
 
 
 29
 The District Court considered the clear and convincing standard of proof in granting the Motion for Summary Judgment of the Airport Authority. This is not error, but is an application of the proper standard in accordance with the holding of the Supreme Court in Anderson, 477 U.S. at 252: "[W]e are convinced that the inquiry involved in a ruling on a motion for summary judgment or for a directed verdict necessarily implicates the substantive evidence standard of proof that would apply at trial on the merits."
 
 
 30
 Appellant failed to present facts constituting the elements of his claims for fraud and for conspiracy to defraud. At best, appellant offered unsupported conclusions and speculations in an attempt to satisfy the elements of his claims. The ability to perform the agreement, if in fact it was binding upon the Airport Authority, was subsequently rendered doubtful by the edict of the FAA which required a competitive selection process in order to determine the engineer for the project.
 
 
 31
 With regard to the grant application, the representation that appellant was the project engineer is merely a reference to the correspondence, and is not a separate and distinct act by the Airport Authority. Moreover, the grant application, when made, was not false, and appellant has not alleged that it was false. Appellant can identify no other act by the Airport Authority which arguably constitutes a false or material act. Moreover, appellant has failed to identify any representations made to him by either the FAA or by Lean Engineering, or any actions taken toward him by either of those parties, as being allegedly false or material. The District Court correctly determined that no genuine issue of material fact remained, and that the Airport Authority was entitled to judgment as a matter of law.
 
 
 32
 Appellant argues that the principals of Lean Engineering were not properly licensed in West Virginia. He also argues that "qualifications were grossly misrepresented and flawed." The Airport Authority committed neither of those acts. Moreover, assuming that these acts were false and material, appellant fails to show that he relied on such alleged false, material acts. The Airport Authority is the party that relied upon such alleged false and material acts, not appellant.
 
 
 33
 Lastly, appellant contends that a recommendation made by the Chairman of the Airport Authority constitutes a fraudulent act. This recommendation merely states the Chairman's opinion that appellant is an expert, is experienced, is thrifty, and is a highly competent engineer. Appellant has not provided evidence that this representation is false. As shown above, appellant has failed to establish sufficiently facts constituting each of the elements of his claim for fraud. Thus, his claim of conspiracy must also fail.
 
 
 34
 For the foregoing reasons, the District Court's grant of summary judgment in favor of appellees in hereby
 
 
 35
 AFFIRMED.