**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 5 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

DAVID HAAS; WILLIAM LEE
GREGORY,

       Plaintiffs - Appellees,

v.

TULSA POLICE DEPARTMENT, ex
rel. CITY OF TULSA,

       Defendant,

and

DAVID R. CROW; STEVEN K.
MIDDLETON; DONALD R.
DERAMUS; DAVID KNUDSON;
SUE KRUSE,

       Defendants - Appellants.

No. 02-5043
D.C. No. 00-CV-928-EA
(N.D. Oklahoma)

---

**ORDER AND JUDGMENT**  *

---

Before **HENRY**, **BRISCOE**, and **MURPHY**, Circuit Judges.

---

\*    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Defendants-appellants, officers with the Tulsa Police Department, appeal from a district court order denying in part their motion for summary judgment on the ground of qualified immunity. Plaintiffs-appellees, the owner and clerk of a store selling adult media in Tulsa, asserted many federal and state claims against the officers and the city in connection with an arrest and associated seizure of materials at the store pursuant to a state obscenity law. The district court granted summary judgment against plaintiffs on all claims alleged against the city and on most claims alleged against the officers. Plaintiffs moved for reconsideration of that ruling, and their motion remains pending. The district court also, however, rejected the officers' assertion of qualified immunity as to plaintiffs' claims under the First and Fourth Amendments for improper seizure of constitutionally protected materials. It is that aspect of the district court's order for which the officers now seek review. We conclude we lack appellate jurisdiction under the rule of *Mitchell v. Forsyth*, 472 U.S. 511 (1985) and its progeny. We therefore dismiss the appeal.

Before considering whether the substance of the officers' appeal qualifies for interlocutory review under *Mitchell*, however, we note that plaintiffs have also raised the possibility of a threshold procedural impediment to our jurisdiction. Specifically, they contend their pending motion for reconsideration falls within the scope of Fed. R. Civ. P. 59, thereby triggering the tolling provisions of Fed. R. App. P. 4(a)(4) and, hence, forestalling appellate jurisdiction until the motion is resolved.

The officers argue plaintiffs' motion has no tolling effect because (1) it was filed after the notice of appeal and (2) it relates to claims, resolved adversely to plaintiffs, distinct from the matters raised on this appeal. Neither point is availing. The Supreme Court held some time ago, based on language in Rule 4(a) that remains unchanged, that the Rule gave the district court "express authority to entertain a timely motion . . . under Rule 59, even after a notice of appeal had been filed." *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 59 (1982); s *ee Stone v. INS*, 514 U.S. 386, 396 (1995) (indicating continuing vitality of *Griggs* analysis). The same section of Rule 4, stating that "[i]f a party timely files [a Rule 59 motion] . . . the time to file an appeal runs for all parties from the entry of the order disposing of the last such remaining motion," Rule 4(a)(4)(A), also indicates that the tolling consequences of a Rule 59 motion apply regardless of whether the motion was filed by a party other than the appellant or was directed

to a part of the judgment not adverse to the appellant and, thus, distinct from the matters for which the appellant seeks review. *See, e.g.*, *Diaz v. Romer*, 961 F.2d 1508, 1510 (10 th Cir. 1992); *F.E.L. Publ'ns., Ltd. v. Catholic Bishop of Chicago*, 739 F.2d 284, 284-85 (7 th Cir. 1984).

There is, however, a different reason why plaintiffs' motion does not affect our jurisdiction. The district court's order granting summary judgment against plaintiffs in some respects and denying it in others was not a final judgment. *See Anderson v. Deere & Co.*, 852 F.2d 1244, 1246 (10 th Cir. 1988) (applying Fed. R. Civ. P. 54(b)). Thus, plaintiffs' purported Rule 59 motion was, in reality, "nothing more than an interlocutory motion invoking the district court's general discretionary authority to review and revise interlocutory rulings prior to entry of final judgment, and, as such, did not call into play the timing and tolling considerations attendant upon [Rule 59] motions." *Wagoner v. Wagoner*, 938 F.2d 1120, 1122 n.1 (10 th Cir. 1991); *see Walker v. United Parcel Serv., Inc.*, 240 F.3d 1268, 1272 (10 th Cir. 2001). Hence, plaintiffs' motion for reconsideration of those aspects of the district court's order resolved adversely to them does not impede the officers' separate effort to obtain appellate review of the district court's denial of their qualified immunity defense with respect to plaintiffs' First and Fourth Amendment claims.

We turn, then, to the question whether the district court's rejection of the officers' qualified immunity defense is, in substance, an appealable interlocutory decision. We must inquire whether the ruling was a "purely legal determination fit for [interlocutory] appellate resolution," or just a factual determination that plaintiffs "ha[ve] presented evidence sufficient to survive summary judgment" and, thus, not fit for immediate review. *Garrett v. Stratman*, 254 F.3d 946, 952 & n.8 (10 th Cir. 2001) (quotations omitted) (applying *Mitchell* and *Johnson v. Jones*, 515 U.S. 304 (1995)). On its face, the district court's holding that the officers had "fail[ed] to satisfy their burden of showing that no genuine issues of material fact exist and that they are entitled to judgment as a matter of law" on the pertinent claims, Aplts. App. Vol. II at 537, 544, certainly appears to fall within the non-appealable category.

Notwithstanding that generic reference to Rule 59 evidentiary standards, however, interlocutory jurisdiction could still be appropriate if the availability of qualified immunity nevertheless ultimately turned on a distinct question of law. *Gross v. Pirtle*, 245 F.3d 1151, 1156-58 (10 th Cir. 2001). However, a review of the case materials confirms that the rejection of qualified immunity here clearly rested on the issue of evidentiary sufficiency, and "we are without jurisdiction to scrutinize the district court's conclusion beyond taking that quick look." *Garrett*, 254 F.3d at 956; *see Gross*, 245 F.3d at 1157-58. The officers argued that they

had relied on legal advice from the district attorney's office in seizing plaintiffs' materials and, consequently, were entitled to qualified immunity regardless of the impropriety of their actions, citing the "extraordinary circumstances" doctrine discussed in *Hollingsworth v. Hill*, 110 F.3d 733, 740-41 (10th Cir. 1997). Specifically referring to the factual conditions for application of this doctrine, the district court held summary judgment was inappropriate because of the presence of "genuine issues of material fact as to what advice was given by the attorneys, whether it was unequivocal and specifically tailored to the facts, whether complete information was provided to the advising attorneys, the competence of the attorneys, and how soon after the advice was received action was taken." Aplts. App. Vol. II at 536-37. The points identified by the district court involve material issues of fact rooted in the evidentiary record, and "we are without jurisdiction to delve further into the record to '*assess* [] . . . the district court's evidentiary conclusions.'" *Garrett*, 254 F.3d at 955 (quoting *Gross*, 245 F.3d at 1157-58 (emphasis added)).

The officers try to manufacture an abstract issue of law for review, by suggesting that the district court rejected their qualified immunity defense only because they failed to present direct testimony from those whose legal advice they relied on in seizing plaintiffs' materials. At the outset of their brief, they frame the issue for review as follows: "Is a police officer asserting the 'exceptional

circumstances' qualified immunity exception required to present the testimony of the judge or attorney the officer relied upon[?]" Aplts. Br. at 1. But one searches the rest of their brief in vain for a developed argument focused on this legal point. Instead, the brief goes on to address precisely the sufficiency-of-the-evidence issue we lack jurisdiction to reach. *See id.* at 12-15. Indeed, it could hardly do otherwise. As the quoted passage from the district court's order plainly shows, the denial of the officers' motion for summary judgment turned on the inconclusive substance, not the testimonial source, of the evidence relating to the extraordinary-circumstances exception.

The appeal is DISMISSED.

Entered for the Court

Michael R. Murphy
Circuit Judge